GOODFELLOW, Respondent, v. NOBLE, Appellant.

1. It is no defence to a suit for the recovery of rent, that the defendant had entered into the occupancy of the premises under an agreement with the plaintiff that he (the plaintiff) would execute a lease therefor for the term of three years, and would make certain repairs, the making of the repairs not being a condition of the leasing, and that the plaintiff neglecting and refusing to do the same, he (defendant) repudiated the contract and abandoned the premises.

*Appeal from St. Louis Land Court.*

*Gibson,* for appellant.

I. Where one enters into the possession of land under an

agreement with the landlord that he will execute a lease for three years, and the landlord after the entry refuses to comply with his contract, this is a fraud that authorizes a repudiation of the contract in toto.

*Cline & Jamison*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This was an action before a justice of the peace for seventy-five dollars for three months' rent of a dwelling rented by defendant of plaintiff in the city of St. Louis. The plaintiff recovered judgment, and the defendant appealed to the Land Court. Upon the trial in the Land Court the plaintiff made out a *prima facie* case. The record has the following entry : " On the trial the plaintiff gave evidence *prima facie* proving his case." The defendant then offered to prove " that he entered into the premises under an agreement with the plaintiff that plaintiff would execute to him a lease therefor for three years, and to do certain repairs thereon, all of which he neglected and refused to do, and thereupon and therefor the defendant repudiated the contract, and abandoned the premises before the 15th day of August last, and gave notice thereof to plaintiff; but the doing of the repairs was not a condition of the leasing." The court excluded this evidence.; the defendant excepted, and brings the case here by appeal. The exclusion of this evidence is the only point in the case.

In the opinion of this court, the evidence was properly excluded. The defendant offered to prove that he entered into the premises under an agreement that he should have a lease therefor for three years. What does the proof amount to ? Is it any thing more than a parol lease for three years ? Under the statute of frauds what is the effect of such a lease ? It is to create a tenancy from year to year. In this case then the defendant, under his own proof, as offered, would be liable to one year's rent, unless he surrendered the premises to plaintiff and they were accepted by him, and the contract between them put an end to. But surely the defendant, under

5—VOL. XXV.

such an agreement, can not enter and afterwards abandon the premises at will, and escape liability for rent. (Kerr v. Clark, 19 Mo. 132.) Let the judgment be affirmed; Judge Scott concurring.