## KOPLITZ vs. GUSTAVUS.

*December 2 — December 16, 1879.*

LANDLORD AND TENANT.    *Tenancy from year to year, how created.*

K. attempted orally to lease premises to G. for two years at a specified sum per year, payable "at such times during the term as plaintiff should require;" and G. went into possession under the lease, and remained in possession twenty months, paying the first year the specified rent therefor when demanded, and also paying at the same rate until the end of the next six months. *Held*, that though the lease was void by the statute of frauds, G. became a *tenant from year to year on the terms therein stipulated.*

APPEAL from the County Court of *Winnebago* County. Action for rent; tried by the court without a jury. The findings of the court bearing upon the character of the tenancy are recited in the opinion. There was a further finding

that there was due from defendant to plaintiff $49.50, as rent of the premises for the months of April, May and June, 1877, payment of which had been refused; and from a judgment in plaintiff's favor for that sum, defendant appealed.

The cause was submitted on the brief of *Weisbrod & Harshaw* for the appellant, and that of *W. B. Felker* for the respondent.

For the appellant it was argued, that, as the lease was not in writing, and was for a period longer than a year, it was void (R. S., sec. 2304); that the rent reserved was not annual but monthly, payable at the end of each month on plaintiff's demand; and that under these circumstances the tenancy created by holding over was one from month to month, and determinable by thirty days' notice *(People v. Darling*, 47 N. Y., 666; *Anderson v. Prindle*, 23 Wend., 616; 1 Washb. R. P., 4th ed., 601); that defendant had given a month's notice to quit, and the objection that this notice was not in writing was waived by plaintiff's failing to object to it upon that ground and insisting upon a full year's rent; and that if this were otherwise, the evidence showed that in June, 1877, there was either an eviction of the defendant or a surrender by operation of law, and a tender by defendant of the full rent due to that time.

For the respondent it was argued, that, "if any tenant for a year or more shall hold over after the expiration of his term, he may, at the election of his landlord, be considered as a tenant from year to year upon the terms of the original lease." Sec. 2, ch. 91, R. S. 1858; sec. 2187, R. S. 1878. The statute is silent as to the time and manner of the election. But a tenant for a year holding over does so at his peril; and the landlord may treat him either as a trespasser or as a tenant for another year on the terms of the prior lease. *Conway v. Starkweather*, 1 Denio, 113; *Hunter v. Osterhoudt*, 11 Barb., 33; *Witt v. Mayor of N. Y.*, 5 Rob., 248; *Park v. Castle*, 19 How. Pr., 29; *Schuyler v. Smith*, 51 N. Y., 309; *Bacon v.*

*Brown,* 9 Conn., 334; *Hemphill v. Flynn,* 2 Pa. St., 144. As an agreement to terminate a lease need not be express, but may be inferred from the conduct of the parties (30 N. Y., 454; 14 Allen, 177; 2 Duer, 183; 73 Ill., 51), so the election to continue the tenancy for another year may be indicated by the acts of the parties, without express notice of an election; and any act which would estop the landlord to deny a yearly tenancy, ought to be sufficient in law to bind the tenant with notice of the landlord's election.

A parol lease of land for years being void, the tenancy, if continued beyond a year, becomes a tenancy from year to year. 23 Conn., 304; 21 id., 398; 12 How. Pr., 259; 6 id., 564; 2 Cow., 660; 8 id., 226; 4 Wend., 327; 31 N. Y., 514; 35 Pa. St., 45; 4 Whart., 226; *Jones v. Peterman,* 3 S. & R., 543; 13 id., 60; 3 Ohio, 294; 7 Ohio St., 165; 18 Ill., 75; *Berrey v. Lindley,* 42 E. C. L., 263; *Mann v. Lovejoy,* 21 id., 454; *De Medina v. Polson,* 3 id., 21; *Hamerton v. Stead,* 10 id., 159; *Clayton v. Blakey,* 8 Term, 3; *Martin v. Watts,* 2 Esp., 501. Payment of rent in monthly or quarterly installments is not inconsistent with a yearly tenancy. *McKinney v. Peck,* 28 Ill., 178; *Laguerenne v. Dougherty,* 38 Pa. St., 45; *Schuyler v. Leggett,* 2 Cow., 660.

COLE, J. It seems to us impossible to deny that there was abundant testimony in this case to sustain the finding of the county court to the effect that the defendant, on the first of October, 1875, by a verbal lease, rented of the plaintiff the premises in question, for two years from that date, at the annual rental of $198 per year, or at the rate of $16.50 per month, the rent to be paid at such times during the term as the plaintiff should demand; that the defendant went into possession of the premises, under the lease, about that time, and remained in possession for the first year, paying $198 rent, when it was demanded by the plaintiff; and that the defendant continued to possess and occupy the premises down to the

27th of May, 1877, paying the rent for the second year down to and including the month of March.

Certainly the weight of testimony tends to establish these facts, and the question is, Was the county court right in its conclusion of law, deduced from them, that the lease was valid for the term of one year from the date thereof, and that after the expiration of the year the defendant was a tenant holding over from year to year? On the part of the defendant it is claimed that this view is incorrect, his counsel insisting that the lease, not being in writing, was void, and that the defendant had the right, without the consent of his landlord, to abandon the premises at any time during the second year, and thereby exonerate himself from the payment of rent during the residue of that year. This position of counsel is based on the provisions of the statute of frauds which were in force when the verbal lease was made, and which declare, in substance, that no estate or interest in land, other than leases for a term not exceeding one year, shall be created or granted unless by act or operation of law, or by deed or conveyance in writing, subscribed by the party creating or granting the same, or by his lawful agent duly authorized thereunto (section 6, ch. 106, 2 Tay. Stats.), and that every parol contract for a leasing for a longer period than one year shall be void (section 8).

It will be observed that these provisions in regard to parol leases differ somewhat from the terms of the English statute of frauds, and from the statute as adopted in some of our sister states, which do not make verbal leases exceeding the prescribed period void, but allow them the effect of estates at will. *Bolton v. Tomlin*, 5 A. & E., 856; *Ellis v. Paige*, 1 Pick., 43; *Davis v. Thompson*, 13 Maine, 214; *Barlow v. Wainwright*, 22 Vt., 88; Taylor's L. & T., §§ 28 et seq; 1 Washb. R. P. (4th ed.), 613, 614; Browne on Frauds, ch. 3; *Doe v. Bell* and *Clayton v. Blakey*, 2 Smith's Leading Cases, 177, 180. But the counsel does not contend even for such a literal and rigid construction of the above provisions of our statute as would

make this parol lease for two years absolutely void — more especially when coupled with the facts of the lessee's entry under it, his holding possession of the premises for about a year and eight months, and his payment of the stipulated rent for a year and a half; but he says that these facts cannot have the effect of changing the tenancy into one from year to year, as was held by the county court. But to this it may be answered, that there are well considered cases which decide, under the English statute and statutes which contain similar provisions, that while a parol lease for more than the prescribed period creates in the first instance only an estate at will, yet such estate, when once created, may, like any other estate at will, be converted into a tenancy from year to year, by payment of rent or other circumstances which indicate an intention to create such yearly tenancy. See the authorities cited in *Barlow v. Wainwright, supra.*

" Indeed," says the learned annotator to *Clayton v. Blakey,* "to deny to such payment the effect of creating a tenancy from year to year, in cases where the letting was by parol for · more than three years, would be to contravene, rather than obey, the enactment of the statute of frauds, since that act evidently means that such a parol lease shall enure in every respect as a lease at will. Now, one of the incidents of a lease at will is its convertibility by payment of rent into a tenancy from year to year." 2 Smith's Leading Cases, 180.

It surely would be difficult to find a case where the facts would more fully warrant the conclusion that a tenancy from year to year was created, than the one before us. The defendant himself testified that he wanted to rent the premises for three years, but that the plaintiff would not agree to that, but did agree to rent them for two years; and it is admitted that the defendant paid the rent for six months, and remained in possession for eight months, of the second year. · From these acts no other inference can be made than that a yearly tenancy was intended to be created.

There is another section of the statute which has some bearing upon the point we are considering, which provides that whenever there is a tenancy at will or by sufferance, created in any manner, it may be terminated on notice by either party, etc.; provided, that if any tenant for a year or more shall hold over after the expiration of his term, he may, at the election of his landlord, be considered as a tenant from year to year upon the terms of the original lease. Section 2, ch. 91, Tay. Stats. It may be said that this provision cannot apply to the case, because the tenant entered into possession under a parol lease, which was void. But this answer is not conclusive under the authorities upon the subject.

In *Lee v. Smith*, 9 Exch., 662, a tenant entered into possession of premises under an agreement in writing, which stipulated for a longer term than three years, and which was void under 8 and 9 Vict., ch. 106, because not under seal. The rent was to be paid quarterly in advance. The tenant occupied the premises for some time, paying rent, and on several occasions taking receipts which stated that the payments were made in advance. In an action for unlawful distress, it was held that, although the agreement was void under the statute, still the receipts taken were ample evidence that the plaintiff consented to be a tenant from year to year upon the terms that the rent should be payable at the beginning instead of at the end of each quarter.

In *Schuyler v. Leggett*, 2 Cowen, 660, there was a parol demise for seven years, which was void by the statute of frauds, yet it was decided that where possession was held under the lease it enured as a tenancy from year to year, and regulated the terms on which the tenancy subsisted in other respects. To the same effect are the cases of *The People v. Rickert*, 8 Cowen, 226; *Prindle v. Anderson*, 19 Wend., 391; *Lounsbery v. Snyder*, 31 N. Y., 514; *Lockwood v. Lockwood*, 22 Conn., 425; *Larkin v. Avery*, 23 Conn., 304; *Grant v. Ramsey*, 7 Ohio St., 157; 1 Washb. R. P., 614.

A distinction must be made between a parol executory lease for more than one year and one where possession has been taken under the lease, and rent paid according to its terms. In the latter case, part performance may be said to withdraw the lease, for some purposes at least, from the operation of the statute of frauds. It is quite analogous to a parol contract for the sale of real estate, where the vendee has paid the consideration, and gone into possession of the property. Such part performance of the contract has frequently been held by this court to take the case out of the statute. Therefore, in the light of these authorities, we think the county court was correct in deciding, upon the finding, that the defendant, after the expiration of the first year, became a tenant holding over from year to year. All the admitted facts are incompatible with the idea that the tenancy was one from month to month; nor is there any ground for saying that the tenancy was terminated before the end of the second year by a surrender of the premises which was accepted by the landlord.

It follows from these views that the judgment of the county court must be affirmed.

*By the Court.* — Judgment affirmed.