[No. 419.   January Term, 1891.]

# WILLIAM B. CHILDERS, TRUSTEE, APPELLANT, v. JOHN A. LEE, EXECUTOR, APPELLEE.

LANDLORD AND TENANT—ORAL AGREEMENT FOR LEASE FOR ONE YEAR—
TENANT AT WILL.—A tenant who enters upon the demised premises
under a verbal agreement for a lease, to be made for a term of one
year at a monthly rental of $60 conditionally on the landlord's
obtaining a renewal of the lease of the land upon which the
premises are located, is not a tenant from year to year, but a tenant
at will, and may vacate the premises without giving six months'
notice of his intention to do so.

ID.—ORAL LEASE FOR LESS THAN THREE YEARS—STATUTE OF FRAUDS.—
The proper construction of the statute of frauds (29 Chas. 2, chap. 3,
sec. 2) declaring oral leases to be void, if for a term not exceeding
three years where the rent reserved "shall amount to two thirds
part at least of the thing demised," is that the rent reserved shall
be two thirds of the rental value of the demised premises, and not
two thirds of the value of the fee.

APPEAL, from a judgment in favor of defendant, from the Second Judicial District Court, Bernalillo County. Judgment affirmed.

The facts are stated in the opinion of the court.

N. C. COLLIER and WILLIAM B. CHILDERS for appellant.

The oral letting, being for a lease not exceeding the term of three years from the making thereof, as shown by the evidence, and the rent reserved to the landlord during the term amounting to two thirds at least of the full improved value of the demised premises, comes within the exception in the second section of the statute of frauds, and is good under the statute. Childers v. Talbott, 4 N. M. (Gil.) 336; Brown on Statute of Frauds, 39, chap. 3, et seq.; Wood

on Frauds, secs. 1, 2; 1 Wash. Real Prop., 298, 391; Taylor Landlord & Tenant, secs. 27, 30; 6 Jacobs Fisher's Dig., 8139, citing English cases; Crosby v. Wadsworth, 6 East, 602, etc.; Huffman v. Starkes, 31 Ind. 474; Union Bank v. Gettings, 45 Id. 180; Birckhead v. Cummings, 33 N. J. 44; Shepherd v. Cummings, 1 Caldwell (Tenn.), 254; Gano v. Vandeveer, 34 N. J. Law, 293; McDougal v. Banks, 13 Ga.; Cody v. Quittenam, 12 Id. 386.

Although the agreement may be void under the statute of frauds, yet when a party enters upon the premises under an agreement for a lease for years he becomes, by the payment of rent, a tenant from year to year.

Wood on Frauds, sec. 19, p. 47; see, also, sec. 21, et seq., p. 55; Browne on Statute of Frauds, sec. 38, p. 46; Taylor's Land. & Ten., sec. 11, p. 44, chap. 11; 4 Kent's Comm. 114; 1 Wash. Real Prop. 391; Stedman v. McIntosh, 4 Ired. 291 (42 Am. Dec. 121, and note, p. 132); Kline v. Rickert, 8 Cowen, 225; Schuyler v. Liggett, 2 Cowen, 660; Jackson v. Wesley, 9 Johns. 267; Scully v. Murray, 34 Mo. 420; Hammond v. Douglas, 50 Id. 420; Kerr v. Clark, 19 Id. 132; Lounsberry v. Snyder, 75 N. Y. 514; Laughran v. Smith, 75 N. Y. 205; Coffin v. Lunt Rich v. Bolton, 14 Am. Dec. 616 (46 Vt. 84); Lockwood v. Lockwood, 22 Conn. 425; Cone v. Mole, 39 Mich. 454; Koplitz v. Gustavus, 48 Wis. 48; Williams v. Ackerman, 8 Oregon, 405; Waring v. L. & N. R. R. Co., 19 Fed. Rep. 863; Lynn v. Cunningham, 136 Mass. 540.

An agreement for a lease, under which the lessee enters upon possession and pays rent, will be construed to be a present demise. Taylor Land. & Ten., secs. 41, 43, 44; Stedman v. McIntosh, 42 Am. Dec. 133, and note; Wood on Frauds, sec. 19, p. 47; Cushing

v. Mills, 6 M. & G. 173; Jenkins v. Eldredge, 3 Story, U. S. Cir. Rep. 325; Mason v. Clifford, 4 Fed. Rep. 180.

Nor would the failure of the lessor to tender a written lease justify the lessee in repudiating the contract. He should demand the lease. Fuller v. Hubbard, 6 Cowen, 1; Taylor Land. & Ten. 41, and note; Goodfellow v. Noble, 25 Mo. 60.

Although an oral lease, or agreement for a lease be void under the statute of frauds, yet if the lessee enters under it the contract will be enforced. Grant v. Ramsey, 7 Ohio St. 165; Jones v. Peterman, 3 S. & R. 543.

The tenant can not abandon the premises, after taking possession and paying rent, without notice. 4 Kent's Comm. [12 Ed.], 113, 114, 115; Taylor's Land. & Ten., sec. 59, p. 48; 1 Wash. Real Prop. 39; Lyon v. Cunningham, 136 Mass. 532; Emmons v. Scudder, 115 Mass. 367.

The claim that the door was closed up is no defense. An act of trespass does not amount to an eviction. Lounsberry v. Snyder, 31 N. Y. 514; Taylor Land. & Ten., secs. 379, 380.

NEILL B. FIELD for appellee.

SEEDS, J.—This is the second time that this case has been in this court. It is reported in 4 N. M. 168 as Childers v. Talbott. The defendant, Talbott, having died since the first hearing, his executor, John A. Lee, was substituted in his place upon the record. There was a retrial before a jury, and, upon motion of the defendant, the court instructed the jury to find for him. It is an action in assumpsit against the executor, Lee, for an alleged balance due upon a parol lease. The appellee contends (1) that the lease was void, as being within the statute of frauds, in that it was not to be performed within a year of its agree-

ment; (2) that it did not come under the exception
mentioned in section 2 of said statute, which provides,
"Except, nevertheless, all leases not exceeding the
term of three years from the making thereof, where-
upon the rent reserved to the landlord during such
term shall amount to two thirds part at the least of
the thing demised," because the amount in value
reserved as rent herein means two thirds of the value
of the fee, not the rental value; and (3) that the con-
tract testified to was a mere executory agreement for a
lease in writing upon certain conditions, which were
never fulfilled, and that, notwithstanding the entry
and payment of rent, it was never anything more than
an agreement for a future lease, and the occupancy
was simply a tenancy at will.  The appellant con-
tends, upon the other hand, (1) that the oral lease is
good under the second section of the statute of frauds;
(2) that, even if it were not, when a party enters under
an agreement for a lease for years, he becomes, by the
payment of rent, a tenant from year to year; (3) an
agreement for a lease, under which the lessee goes
into possession and pays rent, will be construed to be
a present demise; (4) a failure of the lessor to tender
a written lease will not justify the lessee in repudiating
the contract,—he should demand the lease; (5) though
a parol lease, or an agreement for a lease, be void
under the statute of frauds, yet, if the lessee enters
under it, the contract will be enforced.  He assigns as
error, therefore, (1) the directing of a verdict for de-
fendant; (2) in overruling the plaintiff's motion for a
new trial; (3) in giving judgment for defendant.

As to the first two contentions of the defendant,
there is not now room for argument, for while the con-
tract was not to be performed within a
year, yet it was a lease for less than three
years, upon which the rent reserved was
at least two thirds part of the thing
demised; and it is now held in this territory, and

Landlord and
tenant: oral
agreement for
lease for one
year: statute of
frauds.

is the general holding of the courts of the country,
that this means two thirds part of the rental value
of the demised premises. Childers v. Talbott, 4
N. M. (Gil.) 336. Whether or no the contention of
the appellant is correct depends entirely upon the
nature of the holding by Talbott. Was he holding
under the oral lease which was to be afterward simply
put in writing? All the testimony was introduced by
the plaintiff. The testimony of the defendant, Talbott,
taken upon the previous hearing, was introduced by
the plaintiff. The evidence was practically unanimous
that Mr. Talbott was to have the lease of the room for
one year at a monthly rental of $60, from April 1, 1883,
provided that the plaintiff could secure a renewal of
the ground lease, which terminated about June 1, 1883;
that Talbott went into possession April 1, 1883; that
no lease in writing was ever tendered the defendant;
that he objected to the closing of a certain door between
his room and an adjoining one used as an opera house;
that upon the failure of the plaintiff to open said door
he returned the keys to the plaintiff's cestui que trust,
and tendered the balance of rent up to time of
leaving, which was declined, though the keys were
retained. Whether or not this oral agreement between
Childers and Talbott was a lease, or only an agreement
for a lease, depends upon the terms thereof, and the
action of the parties under it. If there is a condition
attached to the granting of the lease, and it is to be
subsequently executed, it operates only as an agree-
ment for a lease. Tayl. Land. &. Ten. [8 Ed.], sec.
39. "Whenever, therefore, the instrument makes the
demise dependent on a condition or stipulation yet
to be performed, it operates as an agreement only."
Id., sec. 40. It is quite certain, then, that the agree-
ment testified to was an agreement for a lease, and
until Talbott obtained a written lease, or was entitled
to one under this contract, that his holding, whatever

its character and consequences, depended entirely upon the oral agreement for a lease.  He entered under that. It is contended, therefore, that, as the agreement was for a year, the law contemplates the taking possession and paying the rent as a present demise, and that the tenancy is from year to year.   To this proposition the appellant cites an array of authorities, which, if in point, would be absolutely decisive of the question.   The cases of Kerr v. Clark, 19 Mo. 132; Laughran v. Smith, 75 N. Y. 205, and Koplitz v. Gustavus, 48 Wis. 48, are typical of the doctrine contended for, yet in each case the contract was an oral agreement for a term of years, upon which term the tenant had entered and occupied over a year.   It was held in these cases that the terms of the agreement and the acts of the parties conclusively showed that it was an agreement for a lease from year to year.   In all these cases where there was any agreement for a lease, and an entry under that agreement, and the courts have held the tenancy to be in accordance with the oral contract, it was possible for the tenant at any time to demand the written lease and for the landlord to give it.   In the case at bar that rule would not hold.   At any time before the renewal of the ground lease by the plaintiff it would have been impossible for the landlord to have given a written lease which would have then and there invested the tenant with a term for a year.   Yet the contention is that what the landlord could not do the law by implication will do; for the argument is that, when the tenant entered under the oral agreement, he at once entered upon a tenancy from year to year; not when the ground lease was obtained, but upon April 1.   All the rights of such a tenancy then attached as against the tenant, and, as the rights of the landlord and tenant are reciprocal, against the landlord.   Put the position to the test.   If, now, the plaintiff had failed to obtain the ground lease, could Talbott have sued Childers for

*ORAL agreement for lease for one year: tenant at will.*

damage for a failure to protect him in his yearly tenancy? Clearly not, under the lease agreed for, for that was a conditional lease; but if, in spite of that condition, he was in for a year under the oral agreement, then the landlord could have been held for damages for a failure to make the term good. This was not contemplated by either the terms of the agreement or acts of the parties. It is quite evident that, under the facts in this case, the tenancy here was not from year to year, but at most at will.

If the tenant had taken the written lease which had been agreed upon, when the plaintiff was in a position to give it, or if it had been tendered him, and without a legal reason he had refused it, there would then have been no question but that the term would have been changed into one from year to year. But there is no evidence whatever that a written lease was ever tendered him; suchlease was to be given when the plaintiff obtained a renewal of the ground lease. The presentation of such a lease may reasonably have been considered notice that the plaintiff had received the renewal lease. The fact that the plaintiff did receive the renewal lease did not raise any obligation upon the part of Talbott to demand that the plaintiff should do what he agreed to do. If the plaintiff sought to hold Talbott upon a contract which was to be in writing, and he was to place it in that form, it was his duty to do so, not Talbott's. The cases cited by the plaintiff, being Fuller v. Hubbard, 6 Cow. 1, and Goodfellow v. Noble, 25 Mo. 60, do not sustain the principle contended for. The fatal error upon which the plaintiff bases his whole case is in assuming that the agreement for a written lease upon conditions, and an entry thereunder, is the creation of a tenancy from year to year absolute in its character, which binds the defendant to pay a year's rent, unless six months' notice of intention to vacate is given. The acts of Talbott in objecting to the closing of the door, and leaving because of the

failure upon the part of the plaintiff to remedy it, must be considered in reference to the tenancy which he then had,—that at will.  It was that tenancy which he terminated because of the alleged wrong of the plaintiff. If he had been tendered the lease agreed upon, and accepted it, or without legal reason had refused it, then possibly the reason given for abandoning the tenancy would have been fruitless.  The plaintiff declared upon a contract which was only an executory agreement, and, failing to prove himself entitled to rent thereunder, the rulings of the court were proper, and the judgment is affirmed.

O'BRIEN, C. J., and LEE, FREEMAN, and McFIE, JJ., concur.