Booher, Respondent, vs. Slathar, Appellant.

*March 5—April 3, 1918.*

*Unlawful detainer: Appeal from justice's court: Trial de novo: Counterclaim: Oral agreement for lease: Statute of frauds: Part performance: Specific performance: Right declared, though specific enforcement impossible.*

1. Upon an appeal from the judgment of a justice in an action for unlawful detainer, the case being triable in the same manner as cases originally brought in the circuit court, a counterclaim relating to the same subject matter, *i. e.* the right to possession of the land, is properly pleadable and may be heard and disposed of in the action.

2. Although an oral agreement for the lease of a farm for three years was void under sec. 2304, Stats., yet under sec. 2305 specific performance thereof may be compelled in case of part performance. Thus, if it was definitely and certainly agreed that the lessee should do certain work towards improving the farm and should receive pay therefor, and pursuant thereto he entered into possession and performed to a substantial extent, and if the repudiation of the agreement by the lessor would amount to a fraud, the agreement may be declared valid and be enforced so far as necessary to protect the lessee's substantial rights.

3. Although the time has gone by within which the court could place the lessee in possession again under any agreement which, upon his counterclaim in an unlawful detainer action, may be found to have been made and to be enforceable, he may still have it declared that he was entitled to such relief, since his right against the plaintiff would thereby be affected.

Appeal from a judgment of the circuit court for Richland county: George Clementson, Circuit Judge. *Reversed.*

The appeal is from a judgment of eviction in an action for unlawful detainer.

The defendant in October, 1914, entered into possession of a farm of about 200 acres near Richland Center belonging to the plaintiff. Several prior interviews were had between the parties with reference to the terms and conditions under which defendant should take possession. A form of agree-

ment or lease was drawn by plaintiff's wife, and prior to taking possession of the farm it was read to or by the defendant, who then, as he now claims, objected and claimed that the writing was not the agreement that had been arrived at between the two. He however entered into possession of the farm and continued in possession thereof for more than a year thereafter. Plaintiff served written notice in April, 1915, requiring defendant to give up possession on October 6th following. On October 7, 1915, unlawful detainer proceedings were commenced in justice's court and judgment rendered in favor of the plaintiff, from which judgment defendant appealed to the circuit court.

In the complaint in justice's court plaintiff recited, among other things, that, being in possession of the real estate in question, he let the defendant into possession upon an agreement by which the plaintiff was to furnish the farm machinery, to pay one half of the feed and seed purchased for the farm, and to furnish certain stock, and to pay the defendant fifty cents per rod for tiling done on the farm by the defendant; that defendant was to work the farm in a first-class manner, cultivate the same, and feed the stock thereon on what is known as the "intensive basis," under the directions of the plaintiff, and that defendant was to furnish the repairs and material for operating the machinery and to cut and haul for plaintiff his firewood to Richland Center, and to build and keep fences on the farm in repair, and that they were to share equally in the income and profits; that by the agreement between them the defendant was to deliver up possession of the premises on October 6, 1915, and that there had been an unlawful withholding of the premises after that date.

The defendant's answer admits the making of an oral lease and alleges that the same was to be thereafter reduced to writing, and was for the term of three years and not one year, as claimed by plaintiff, and admitted that certain of the terms and conditions therein were as alleged by plaintiff, and

particularly the promise by plaintiff to pay defendant fifty cents per rod for tiling the farm, and denied certain of the other terms and conditions recited by plaintiff in his complaint.

Defendant also set forth, in what was denominated as a separate defense and counterclaim to the action, a repetition of the answer as to the making of the agreement for the period of three years and the taking possession thereunder; and alleged further that defendant was to build a barn on the premises and was to tile the whole farm wherever it needed tiling, which would take the spare time of the defendant during the whole of the three years, and was to be paid by plaintiff fifty cents per rod for such tiling; that it was further understood that the agreement as reduced to writing was to contain a provision that the defendant should have the option of purchasing the farm at any time during the three years he was in possession at the agreed price of $22,000; that defendant relied upon this oral agreement and moved on the farm with his family of ten children and with a certain amount of feed for the stock and proceeded to build fences, do the tiling, and repair the buildings on the farm.    That defendant made the improvements upon the farm relying upon the agreement that he could purchase the place under the alleged option, and that the farm is worth considerably more with these improvements than it was before, and demanded that the oral agreement between the parties be specifically enforced, and for other relief.

Upon the trial in the circuit court the court submitted to the jury but one question, which the jury answered by finding that the oral agreement under which the defendant went into possession contained a provision that the lease contemplated by the parties was to be for the term of three years and not one.    It was a conceded fact that the defendant was, under the agreement, to do some tiling on the farm.    It is an undisputed fact that three to four hundred rods of such tiling was done by defendant.

After respective motions by the parties the court finally directed the entry of judgment to the effect that there was an unlawful detainer by the defendant and the plaintiff was entitled to restitution of the premises. The case was tried in the circuit court in April, 1916, and the decision of the court and judgment were entered in September, 1916, and from that judgment thus entered the defendant appealed to this court.

*L. H. Bancroft* of Richland Center, for the appellant.

For the respondent there was a brief by *Lincoln & Brewer* of Richland Center, and oral argument by *F. L. Brewer*.

ESCHWEILER, J. From the rulings made by the court during the trial and his written decision after verdict it appears that he held, in disposing of this case, that the agreement upon which the defendant relied in his counterclaim, being oral, was void under sec. 2304, Stats., which provides that every contract for the leasing of real estate for more than one year shall be void unless in writing; that the forcible entry and unlawful detainer proceedings under ch. 145, Stats., are of such a nature that the court could not properly entertain a counterclaim such as was asserted by defendant, even when the action is pending in the circuit court on appeal; and that inasmuch as additional testimony might have been produced, if an inquiry had been made into the issues raised by such counterclaim, he would express no opinion as to whether there was a contract shown by defendant of sufficient definiteness and certainty to warrant specific performance, if such could be considered; and that the finding by the jury that the oral agreement of the parties was for a term of three years and not one year was supported by the evidence and is a verity herein; and lastly, that although the facts were in favor of the defendant the law was against him, and for that reason the judgment of the justice's court must be affirmed and restitution ordered.

Although the provisions of ch. 145, Stats., providing for

the action of forcible entry and unlawful detainer in justice's court, were intended to furnish a speedy and summary remedy between landlord and tenant, yet it was held at an early day that upon the appeal provided for by the statute to the circuit court from a judgment in justice's court in such action the appellant was entitled to a trial *de novo* even though the judgment was for less than $15, the statutory minimum in all other appeals upon which a trial *de novo* might be had. *Vroman v. Dewey*, 22 Wis. 323. This chapter was thereafter further amended so that by sec. 3370 of the revision of 1878 it provided, as it does now, that "In all cases of appeal from a judgment in an action brought under this chapter a new trial shall be had in the appellate court, and the case shall be tried in the same manner as cases originally brought there, . . ." This action, therefore, being properly in the circuit court upon appeal, it became, for the purposes of this trial, as though originally brought there. The plaintiff's action being with reference to the right of possession to this farm, the defendant's proposed counterclaim related to the same subject matter and was properly pleaded and could be heard and disposed of as a counterclaim on such trial *de novo,* and that should have been done.

While the oral agreement relied upon by defendant for a term of three years was void under sec. 2304, as held by the trial court, the effect of that section is nevertheless qualified by sec. 2305, which is of equal antiquity in our statutes with sec. 2304, and that provides that the power of the court to compel specific performance of agreements in case of part performance thereof is not to be construed as abridged by the letter of such sections as 2304.

If, therefore, the facts herein shall disclose a definite and certain agreement between the parties by which defendant was required to do and perform certain work towards the improving of the farm and to receive pay therefor and that he did enter into possession under such agreement and per-

formed, to some substantial extent, what was required of
him, and it shall further appear that the repudiation by the
plaintiff of such agreement and his assertion that the same
was void under sec. 2304, *supra,* would work inequitably
against the defendant or perpetrate a fraud upon him, it
may well present a situation authorizing a court of equity
to declare such an agreement, if found, as a valid one in ex-
istence at the time of the commencement of this action and
be enforced so far as necessary to protect defendant's sub-
stantial rights thereunder.    That the oral agreement par-
takes of the nature of a lease is no obstacle to the court de-
claring, on proper showing, that it should be specifically en-
forced.    *Seaman v. Aschermann,* 51 Wis. 678, 8 N. W. 818;
*Henrikson v. Henrikson,* 143 Wis. 314, 127 N. W. 962;
*Kipp v. Laun,* 146 Wis. 591, 602, 131 N. W. 418; *Halligan
v. Frey,* 161 Iowa, 185, 141 N. W. 944, 49 L. R. A. N. s.
112, note.

That the time has gone by within which the court could
place the defendant in possession again under any agreement
that may be found to have been made and enforceable does
not affect the right of the defendant, if otherwise entitled to
such relief, to have that declared even at this late date.    It
manifestly would affect his rights as against the plaintiff in
this case and any proceedings subsequent to and upon any
judgment of unlawful detainer herein.

The facts and records not being all before us, we regret
that this protracted litigation cannot be disposed of finally
here and now, but it must therefore be remanded and further
proceedings had in the court below in accordance with what
is here determined.

*By the Court.*—The judgment of the circuit court is re-
versed, and the cause remanded with directions to take
further proceedings in accordance with this opinion.