RUNDLE–SPENCE MANUFACTURING COMPANY, Respondent, vs. BADGER–PACKARD MACHINERY COMPANY, Appellant.

*May 29—June 25, 1919.*

*Frauds, statute of: Landlord and tenant: Holding under void lease: Tenancy from year to year.*

Although an oral agreement under which defendant was to occupy substantially the entire basement of plaintiff's building, a portion of which was occupied under a prior parol agreement at a monthly rental, was void under sec. 2302, Stats., being for a term of about seven years at an annual rental, yet, where defendant occupied the entire basement under the later agreement and paid the agreed rental for over a year, a tenancy from year to year was created under sec. 2187, and defendant could not by notice terminate such tenancy until the expiration of the year.

APPEAL from a judgment of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Affirmed.*

By a written lease in May, 1914, the defendant became a tenant of the first floor of plaintiff's building in Milwaukee for a term of eight years. At about the same time, by a parol agreement, the defendant also occupied a portion of the basement of the same building at a monthly rental of $35. In April, 1915, the defendant desiring more basement space, another parol agreement was made by which plaintiff was to have substantially the entire basement for a term ending at the expiration of the lease for the first floor in 1922 and at an annual rental of $650, payable monthly. The defendant occupied the entire basement and paid such rental monthly until August 1, 1916. On July 1, 1916, the defendant gave plaintiff notice that defendant desired to give up possession of the basement on August 1st and terminate such lease. Plaintiff refused to recognize such claim of right and maintained that the continuing in possession after the year ending April 1, 1916, created a tenancy from year to year and that it could not be terminated, except by consent, at any such interme-

diate month, and therefore claimed rent for the balance of the year to April 1, 1917.

The civil court of Milwaukee county granted judgment to plaintiff for such rent, and on appeal to the circuit court the judgment to that effect was affirmed, and this appeal followed.

The cause was submitted for the appellant on the brief of *Churchill, Bennett & Churchill* of Milwaukee, and for the respondent on that of *Walter J. Hofer,* attorney, and *Edward W. Spencer,* of counsel, both of Milwaukee.

ESCHWEILER, J.    It is conceded that the parol lease of April, 1915, was void under the provision of sec. 2302, Stats.

Defendant claims that the possession it maintained after the making of such parol lease must, at least in the absence of agreement to the contrary, be based upon the valid lease from month to month under which defendant had occupied a portion of the basement prior to April, 1915, rather than upon the void agreement, and that therefore there was a continuing tenancy from month to month and terminated by the notice given on July 1, 1916.

The courts below, however, were right in holding that the possession after April 1, 1915, although including the portion of the basement formerly occupied, was referable to the new arrangement of that date rather than the old, and that thereby and by the continued possession for the ensuing year of such enlarged premises and at such new and greater rental there was a new tenancy from year to year created under sec. 2187, Stats.    *Second Nat. Bank v. O. E. Merrill Co.* 69 Wis. 501, 510, 34 N. W. 514; *Koplitz v. Gustavus,* 48 Wis. 48, 3 N. W. 754.    It was a substantially different, a new and larger estate.

The cases relied upon by appellant were all decided upon facts showing that the subsequent possession was of identical premises included in a prior possession and are therefore not in point here.

*By the Court.*—Judgment affirmed.