HOPFENSPERGER, Respondent, vs. BRUEHL and others, Appellants.

*May 6—May 31, 1921.*

*Statute of frauds: Contract to sell lands and personalty: Supplementary oral agreement: Part performance: Delivery of possession: Specific performance.*

1. Where a written contract for the sale of a farm and personal property contained all the essential terms required in law, except that the time of payment of the purchase price and the rate of interest were not specifically embodied, and a subsequent definite oral agreement as to such matters was made which was in no way contradictory of but supplementary to the written agreement, which indicated on its face that it did not contain the entire transaction of the parties respecting the subject of the contract, it is no legal objection that the contract was in part in parol.

2. Under such circumstances there was a substantial part performance of the contract, where the seller let plaintiff into possession of the entire farm except the house, and of all the personal property, plaintiff's son boarding with defendant and taking care of the stock and working on the farm, and everything appearing to be harmonious until the seller concluded to repudiate the contract; and the court properly decreed specific performance of the contract under sec. 2305, Stats.

APPEAL from a judgment of the circuit court for Calumet county: GEO. W. BURNELL, Circuit Judge. *Affirmed.*

The action was commenced as a replevin action, but was tried as an action for specific performance of a land contract alleged to have been executed and delivered by the defendants *Ernst* and *Emma Mayer,* whereby they agreed to sell and convey to plaintiff *Hopfensperger* certain lands and premises located in Calumet county.

The court found that *Mayer* sold his farm and stock and tools to the plaintiff for a fair and adequate consideration after due consideration and deliberation and that he and his wife signed a written contract to that effect on April 8, 1919; that the contract called for the payment of interest

but did not specify the rate; that on April 22, 1919, it was orally agreed between plaintiff and defendants that *Ernst Mayer* could keep the chickens, would have the right to remain in the house until on or about September, 1919, and could have wood for household use and a daily allowance of milk while he should remain in the house, and a garden patch; that on this day it was also agreed that the rate of interest should be five per cent. and the mortgage should run for five years, the interest to begin on May 20, 1919; that the plaintiff went into peaceable possession of the premises and the personal property, except the dwelling house and garden patch, on April 28, 1919, with the consent of the defendant *Ernst Mayer;* that on or about May 12, 1919, *Ernst Mayer* concluded to repudiate the contract and placed every obstacle in the way of plaintiff's enjoyment of the premises, nailing up gates and doors to prevent the plaintiff from using them, interfering with his milking of cows, and taking away his team of horses, harness, and wagon from the premises; that these acts of trespass continued until this action was brought to restrain him; that the subsequent oral agreement did not materially change the contract, but only made more definite and certain the time of payment which the court could have fixed, and that no change of contract was needed to enforce it as to the wife, her signing of the original contract having been a full compliance with the statute in that respect; that the personal property was fully described in the contract; that *Ernst Mayer* absolutely repudiated the contract on or about May 12, 1919, hiding himself in order to avoid tender of the money and note, which were duly tendered on May 21, 1919; that the defense of fraud and intoxication, set up in answer, has been abandoned by defendants; that plaintiff abandons any and all claim for personal service as agreed to under the contract for the painting of the house and putting a new roof thereon.

The court also found that the contract provided that when the sum of $13,000, with interest, shall be fully paid and in the time and manner above specified, the defendants shall execute and deliver to the plaintiff a deed; that a cash payment of $3,000 was payable on May 20, 1919, on which day the plaintiff tried to pay the same, and that he also had prepared to tender for delivery a note for $3,475, payable July 1, 1919, with interest at five per cent., and a note for $6,500, with interest at five per cent., payable five years after date and secured by a mortgage bearing even date therewith, which cash, notes, and mortgage could not be delivered because defendant *Mayer* hid himself and could not be found; that the cash, notes, and mortgage were duly deposited at the Bank of Menasha for the defendant *Ernst Mayer* and he was notified that said moneys and securities were at the bank for him; that *Ernst Mayer* and his wife refused, upon the due tender of the notes and securities, to execute and deliver to the plaintiff the deed of said premises and property as agreed in the contract; that upon the trial of the action the defendants contended that the complaint included an action for specific performance, which contention was conceded by plaintiff's attorneys, who introduced testimony on behalf of the plaintiff with reference to the contract which took place on April 22, 1919.   The court held that the plaintiff *Hopfensperger* shall deposit with the clerk of the circuit court for Calumet county the sum of $3,000, which was due and payable May 20, 1919, and which on that day had been duly tendered to defendant *Ernst Mayer* and refused by him, and also deposit with the clerk of said court the sum of $3,475, with interest as provided in the note, and further deposit with the clerk of the circuit court for Calumet county the note executed by him on May 20, 1919, for $6,500, at five per cent. interest, secured by a real-estate mortgage on the premises described in the contract; that

the plaintiff, *William A. Hopfensperger,* is entitled to the deed of the premises described in the contract and the possession of all the personal property described therein; that plaintiff's damages because of the unlawful taking and retention of his personal property are assessed at $50.

Judgment was entered in accordance with the findings, from which judgment defendants appeal.

For the appellants there was a brief by *George C. Hume* of Chilton, and oral argument by *E. G. Nash* of Manitowoc.

*L. P. Fox* and *J. E. McMullen,* both of Chilton, for the respondent.

SIEBECKER, C. J.    The action was brought to replevy personal property from defendants which the plaintiff claims he purchased from the defendant *Mayer* under a written contract between himself and *Mayer* and his wife on April 19, 1919, whereby the *Mayers* sold to plaintiff their farm and the personal property specifically described in the contract.    When the action was called for trial the parties agreed that the issues raised by the pleadings included the issue for specific performance of the contract, and a trial was had before the court for determination of such equitable issue.    Upon the evidence adduced the court made findings of fact as stated above.    It is well established, as the court found, that the plaintiff and defendants, neighbors, met on the following 22d day of April, after the written contract had been signed, to further consider matters pertaining to the transaction, and that it was then mutually understood and agreed that the *Mayers* should have the right to occupy the house on the premises until the following September, keep the chickens, have the right to firewood and the use of a garden patch and a daily allowance of milk; that plaintiff should pay five per cent. interest on the unpaid purchase money from May 20th until the time of payment, and that the note and

mortgage for part of the purchase money should be due in five years. Under the agreements so made in writing and by parol the plaintiff was given the possession of the farm on April 28th and of all the personal property so purchased by him. Thereafter the plaintiff cultivated the farm and had charge of this personal property without interference by the defendants until the 12th day of May following, when the defendants *Ernst Mayer* and wife undertook to repudiate the contract of sale of the farm and personal property by the attempted trespass found by the court and the removal of some of the personal property from the premises, which obstruction continued up to the time this action was commenced. It is clear that the parties intended to consummate a purchase and sale of the farm and personal property in question and that the written contract embraced all of the agreements respecting the same, except that the time for payment of the unpaid purchase money and the interest it should bear were not inserted. It is contended by appellants that parol evidence of the agreements respecting time of payment and interest cannot be considered because under the provisions of sec. 2302, Stats., they must be in writing. It is manifest that the agreements of the parties made on April 22d do not contradict or vary the agreements of the writing made April 18th. They add definite terms to those contained in the writing on the same subject, and make additional arrangements respecting the occupancy of the house, retaining chickens, using firewood and garden patch and the furnishing of milk. The situation on April 22d was that there was a written contract between the parties for the sale of the farm and the specified personal property, containing all the essential terms required in law except that the time of payment of the consideration and the interest thereon were not specifically embodied, which were, however, definitely agreed upon orally thereafter as a part of

the transaction. It is plain that the writing and parol agreement express the entire transaction and that they are in no way contradictory but that they are supplementary. Under the circumstances, the terms of the writing and parol arrangements constitute the contract of the parties upon which possession of the farm and personal property was delivered to plaintiff on the 28th day of April following. There is no legal objection that the contract is in part in parol, since the writing on its face indicates that it does not contain the entire transaction of the parties respecting the subject of the contract. *Cuddy v. Foreman,* 107 Wis. 519, 83 N. W. 1103; *Kipp v. Laun,* 146 Wis. 591, 131 N. W. 418.

It must be borne in mind that the wife signed the written contract for the sale of the farm and acquiesced in the parol stipulations regarding the payment of interest and the term of the note and mortgages. Under these circumstances of the transactions it appears, as held by the trial court, that

"The defendant let the plaintiff into possession of the farm (all but the house) and of all the personal property. The plaintiff's son boarded with *Mayer,* took care of the stock and worked on the farm, and the latter assisted him more or less. Everything appears to have been harmonious until about the 12th of May. *Mayer,* then, for reasons best known to himself, concluded to repudiate the contract, and placed every obstacle in the way of plaintiff's enjoyment of the premises."

Manifestly the plaintiff was in complete possession of all of the property he bought from *Mayer* in fulfilment of the contract of sale. The plaintiff's possession of the property with defendants' consent constituted such a substantial part performance of a valid contract for the sale of real and personal property that repudiation thereof by defendant *Mayer* would operate inequitably against the plaintiff and to his great damage. Under such circumstances specific

performance of the contract of sale was properly awarded by the trial court under the provisions of sec. 2305, Stats. *Booher v. Slathar*, 167 Wis. 196, 167 N. W. 261, and cases there cited.

We discover no indefiniteness in the description of the personal property transferred by the terms of the written contract as supplemented by the parol agreements as above indicated. It is considered that the trial court properly awarded judgment for specific performance of the contract of the parties.

*By the Court.*—The judgment appealed from is affirmed.