HAUSER, Appellant, vs. FETZER, Respondent.

*January 17—February 12, 1924.*

*Landlord and tenant: Oral agreement to lease for five years: Validity: Statute of frauds: Unlawful detainer: When remedy applies: Joint adventure: Cropper's agreement: Tenancy from year to year: How terminated.*

1. Under sec. 2302, Stats., an oral agreement for leasing a farm for five years is invalid. p. 29.

2. The summary remedy of unlawful detainer cannot be maintained unless the relation of landlord and tenant exists between the parties. p. 29.

3. Under the evidence in this case, the relation of landlord and tenant, and not a contract of joint adventure, was created by the verbal agreement for the operation of the farm. p. 30.

4. The tenant, having entered into possession of the farm under an invalid oral lease, remained thereon for more than a year, and made some division of the crops, must be regarded as a tenant holding over from year to year, as it would be manifestly unjust to expel him in the middle of the cropping season. p. 30.

5. Where such tenancy was to begin on October 1st, but the tenant did not take full possession of the farm until October 4th, although before that time he had brought his stock and machinery on the farm, a notice to quit October 1st in a succeeding year, given in the preceding July, was sufficient under sec. 2187, Stats., which requires a notice of not less than thirty days. p. 31.

APPEAL from a judgment of the county court of Dodge county: E. H. NABER, Judge. *Reversed.*

The plaintiff, *Hauser,* owner of a certain farm, brought an action of unlawful detainer against *Fetzer* in justice's court, and judgment of restitution was rendered in favor of plaintiff. After the beginning of the action in justice's court, but before judgment, *Fetzer* began an action against *Hauser* in county court to require him to sign a written lease.

After the entry of judgment in justice's court, the county judge, upon motion of *Fetzer's* attorney, ordered that the two actions be consolidated, and that the several statements in the complaint of *Hauser* in the justice court action, together with the answer of *Hauser* in the county court action, should stand as the complaint in the consolidated action, and that the several statements in the complaint of *Fetzer* should stand as the answer in the consolidated action.

The complaint of *Hauser* in justice's court alleged that he was the owner of a certain farm; that he and defendant made an agreement whereby defendant was to occupy, work,

till, and cultivate the premises upon shares; that defendant had occupied the farm since October 1, 1920; that on July 31, 1922, plaintiff duly served on defendant a notice in writing requiring him to remove from the farm on the 1st day of October, 1922; that the time had expired and defendant unlawfully held possession of the premises.

It was further alleged, in his pleading in county court, that the agreement in question was made on the 20th day of August, 1920, and was to continue for five years from October 1, 1920; that most of the terms of the agreement were settled, but that the agreement was never fully completed; and that plaintiff suggested that they sign a written agreement, but that defendant refused to do so.

The terms of the agreement set out in the complaint provided that defendant should furnish the necessary horses and machinery to work the farm; that all cattle and swine should be common property; that all milk, except enough for defendant's use, should be delivered to a cheese factory; that common property should be sold at such times as might be agreed upon; and that each was to have one half the produce of the farm. There were particular agreements as to the division and delivery of certain crops; the use of dead wood and timber on the farm; and the cutting of noxious weeds.

It was then alleged that defendant had breached the contract in various ways, among others, the refusal to account for the sale of milk to men working in the neighborhood; the sale of common property without the knowledge of plaintiff; the improper use of timber on the farm; and the failure to deliver certain crops as agreed.

It was further alleged that in October, 1920, his attorney advised him to have the contract reduced to writing and signed; that the attorney drew up an agreement; that this writing contained many more conditions and agreements than the oral one; that defendant was not present and was not advised that any agreement was drawn up; and that

plaintiff had always retained this agreement and had never presented it to defendant.

*Fetzer* answered that he took possession of the farm under an oral agreement with the understanding that a written agreement was soon to be signed; that plaintiff prepared such written agreement but never presented it to him, and had refused and neglected to execute or produce it; and that defendant had been at all times ready to sign the agreement. A copy of the instrument was attached to the answer.

The relief prayed for was that *Hauser* be required to execute the agreement and that *Fetzer* be allowed to retain possession under its terms.

This writing set out in detail the agreement already stated, and contained in addition certain other terms, among them a provision which required defendant to seed from fifteen to twenty acres of land to timothy, clover, or alfalfa, as the owner might direct, and another which stated that the parties should agree as to the number of acres of corn to be planted each year.

The notice to quit on October 1st was served on July 31, 1922.

It appears that the negotiations leading up to the taking of possession by defendant took place on August 20th and August 22d, Sunday. Plaintiff testified that he told defendant he had a written agreement, and that defendant said he would not sign it. He was then asked the question: "Did you have any trouble with reference to working the farm at that time?" The court then stated that an answer could be made only with reference to the fact that he had not performed his agreement. Counsel for defendant objected on the ground that this was an unlawful detainer action, and that the breach of the agreement could not be gone into. The objection was sustained.

On motion of defendant's attorney the court granted a nonsuit.

*J. C. Russell* of Hartford, for the appellant.

For the respondent there was a brief by *J. H. Schnoren-berg* of Hartford and *M. L. Lueck* of Beaver Dam, and oral argument by *Mr. Lueck*.

JONES, J.   There was some conflict in the testimony as to whether the oral agreement was made on Sunday, and the owner of the land claimed it was void for that reason and also under the statute of frauds. His counsel made some effort to show that defendant had violated the oral agreement, but, as already stated, testimony on that subject was ruled out on the objection of defendant's counsel, so that, although the two actions were consolidated, the sole issue tried was that of unlawful detainer.

Clearly the oral agreement for leasing the land for five years, if such agreement was made, was invalid under the statute of frauds, sec. 2302, Stats.

Each party claims that the failure to have any written agreement was the fault of the other. On cross-examination the owner testified that in many respects the terms of the oral agreement were the same as those in the unsigned writing, but that the writing contained other terms; and it was not established that the parties had accepted it. The defendant had the opportunity to offer proof that the real agreement was reduced to writing but did not choose to do so, and no testimony was given on his behalf except that the written instrument was offered and received in evidence.

It is argued by defendant's counsel that the summary remedy of unlawful detainer does not apply unless the relation of landlord and tenant exists. This is the rule declared in several decisions of this court. *Hunter v. Maanum,* 78 Wis. 656, 48 N. W. 51; *Carter v. Van Dorn,* 36 Wis. 289.

It is also contended that there was a contract between the parties which was in the nature of a joint adventure, and not one between landlord and tenant. This claim depends largely on the theory that the written unsigned instrument was the contract. But it is clear that according to the evi-

dence.this writing never became a contract and defendant's action was brought to establish and enforce it as a contract.

What might have been the result of the consolidated actions if .defendant had offered evidence to establish the claim that there was a contract in the nature of a joint adventure we are in no situation to decide. About all that was established by the evidence was that defendant entered into possession with some verbal understanding that he should remain in possession for five years, but the other terms of their verbal understanding were left in uncertainty.

On this question whether the contract was one of joint adventure,. counsel for defendant cite the following cases: *Wagner v. Buttles,* 151 Wis. 668, 139 N. W. 425; *James v. James,* 151 Wis. 78, 137 N. W. 1094; *Strain v. Gardner,* 61 Wis. 174, 21 N. W. 35; *Foley v. Southwestern Land Co.* 94 Wis. 329, 68 N. W. 994; *Rowlands v. Voechting,* 115 Wis. 352, 91 N. W. 990. It was held in only one of these cases, *James v. James,* that the contract was one of joint adventure.

In view of the meager testimony, and the authorities, we cannot hold that there was any contract of joint adventure, but conclude that the relation of landlord and tenant was created. The question arises as to the nature of the tenancy.

The tenancy was not.created by the void contract, but was implied by the law from the occupancy of the premises and the conduct of the parties. Under the English law as adopted in some states the tenancy in the beginning was one at will. *Koplitz v. Gustavus,* 48 Wis. 48, 3 N. W. 754. But the defendant entered into possession, remained for more than a year, and made some division of the crops, although in a manner not satisfactory to the plaintiff. It would have been manifestly unjust to expel him in the middle of a cropping season at a time when he could not receive the fruit of his labor for the year.

Under such conditions the rule seems to be that after the tenant has entered under an invalid lease and has paid rent or its equivalent for a year or more, he is to be regarded

as a tenant holding over from year to year. *Koplitz v. Gustavus,* 48 Wis. 48, 3 N. W. 754; *Second Nat. Bank v. O. E. Merrill Co.* 69 Wis. 501, 34 N. W. 514; 16 Ruling Case Law, 574, and cases cited; sec. 2187, Stats.

It is urged by counsel for defendant that the case is ruled by *Booher v. Slathar,* 167 Wis. 196, 167 N. W. 261. In that case there was an oral, invalid contract for the sharing of crops, with the intention, not executed, of having a written contract. The tenant claimed to have an option to purchase, and had done from 300 to 400 rods of tiling. Under the circumstances the court held that under sec. 2305, Stats., if it should appear that a definite agreement could be proved that the tenant was required to do the work respecting the improvement of the farm and that he entered into such agreement and performed to a substantial extent what was so required and that the repudiation of the contract would work inequitably, it might present a situation authorizing a court of equity to declare the agreement valid and enforceable so far as necessary to protect defendant's substantial rights. In the case before us there is an entire absence of any such proof as to bring it within the case referred to.

It is argued by defendant's counsel that the notice to quit was insufficient because, as claimed, the tenant entered into possession October 4th, and the tenancy began on that day, and that a tenancy when terminated by notice must expire on the first day of the year on which the tenancy began. In the pleading of both parties it was alleged that the tenancy was to begin on October 1st. Although defendant did not take full possession until October 4th, he had brought on the farm before that his cattle and horses and machinery. The notice to quit was given in the preceding July. Under the statute, sec. 2187, a notice of thirty days was sufficient.

*By the Court.*—Judgment reversed, and the cause is remanded to the county court with direction to enter judgment that plaintiff have restitution of the premises.