Argued February 13, decided March 3, 1908.

### MORBACK *v.* YOUNG.

[94 Pac. 35.]

PARTNERSHIP—HOLDING OUT AS PARTNER—LIABILITY FOR PARTNERSHIP DEBTS.

1. Where there is no contract of partnership between two persons associated in business, and a third person, performing services at the instance of one of them, has no contract with the other, she cannot recover against the other person, except upon proof that he was by his consent held out as a partner, that she knew of such holding out at the time she rendered the services, and that she performed the work on the faith thereof.

SAME—ACTION—EVIDENCE.

2. In an action against two persons associated in business for services performed under an agreement with one of them, evidence examined and *held* not sufficient to support a recovery against the person not contracted with, on the theory that he, by his consent had been held out as a partner, and was thereby rendered liable for debts contracted by the other in carrying on the business.

From Washington: THOMAS A. McBRIDE, Judge.

Action by Maud Morback against W. F. Young and J. H. Morback, as copartners, to recover $560 for labor

performed by plaintiff for defendants as cook, between the 9th of May, 1904, and the 9th of July, 1905. Defendant Morback made default, but Young answered, denying the partnership, as well as other alleged facts in the complaint. Plaintiff recovered judgment, and defendant Young appeals.    REVERSED.

For appellant there was a brief and an oral argument by *Mr. Samuel B. Huston.*

For respondent there was a brief over the names of *Mr. John Ditchburn* and *Mr. J. C. McFadden,* with an oral argument by *Mr. Ditchburn.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action brought against W. F. Young and J. H. Morback, as copartners, doing business under the firm name of Young & Morback, to recover $560 for labor and services as cook alleged to have been performed by plaintiff for defendants between the 9th of May, 1904, and the 9th of July, 1905. Morback made default, but Young answered, putting in issue the alleged partnership, as well as the other facts alleged in the complaint. Plaintiff had judgment, and Young appeals, assigning as error the overruling of his motion for nonsuit.

1. The only question to which our attention will be directed, is whether the evidence justifies a recovery against him. In May, 1904, Young was the owner of a sawmill in Washington county, and on the 4th of that month contracted to sell a one half interest therein to his codefendant, Morback, for $1,200. Under the terms of this contract Morback was to take charge of and operate the mill, turning over the proceeds to Young, who was to pay therefrom the expenses of conducting the business, and credit the balance on the amount due him from Morback for the purchase price of one half interest in the mill. Morback hired his wife, the plaintiff, to do

the cooking for the mill hands; but, as the venture on his part proved a failure, he was unable to pay her, and she brought this action against him and Young to recover the amount due her, alleging that they were partners. The contract between Young and Morback did not make them partners in the business, and there was no testimony that plaintiff was employed by Young, or that a partnership actually existed; but the plaintiff seeks to recover on the theory that Young, by his consent, was held out as a partner, and is therefore responsible for debts contracted in the prosecution of the business by Morback. There was some evidence on the trial tending to show that in the conduct of the business Morback had used billheads with the name of himself and Young thereon, and that accounts for supplies purchased by him had been rendered under such name, and in one instance at least Young had made some payment on such a bill, and the jury might probably have been justified in finding, from the testimony, that Young had thus, by his consent, placed himself in a position where he would be estopped to deny his responsibility as a partner to persons who extended credit on the faith of such representations, and under the belief that he was, in fact, a partner. But as there was no partnership, and plaintiff had no contract with Young, it was necessary for her, in order to charge him with liability for the contract of Morback, to show, not only that Young was, by his consent, held out as a partner, but that she knew of such holding out at the time she rendered the services, and that she performed such work on the faith thereof: 1 Bates, Law of Partnership, § 90; *Thompson v. First Nat. Bank of Toledo,* 111 U. S. 529 (4 Sup. Ct. 689: 28 L. Ed. 507). Upon this point there is no testimony.

2. Plaintiff testifies that she was employed by her husband, who told her that he had purchased a one half interest in the mill, but she never had any contract

with Young; that her husband used some billheads with the name of Young thereon, and that she saw accounts for supplies rendered in the name of Young & Morback. But there is no testimony that she believed Young was a partner in the business, or that she performed the services under such belief. The evidence shows that she was employed by her husband, looked to him for her pay, and never made any claim against Young, until after the mill had been shut down.

Under these circumstances, we do not think she is entitled to recover against Young, and that the judgment of the court below must be reversed, and the cause remanded for such further proceedings as may be proper, not inconsistent with this opinion.

REVERSED.