BARNS, PAUL D., Associate Judge.
Plaintiff-appellant, Kilgore Seed Company, brought suit against Samuel Lewin and Dan Thompson Jr., jointly and severally, upon an account for material furnished to and received by the defendants. Before answering, the defendant Lewin moved for a summary judgment in his favor which was granted; from this judgment, the plaintiff prosecuted this appeal and assigns as error the entry of the summary judgment. We find error and reverse.
Defendant-appellee’s affidavit in support of his motion .states that he “has never at any time whatsoever been billed direct by the plaintiff, Kilgore Seed Company” and that “all bills were sent to Dan Thompson, Jr., co-defendant” which was in direct conflict with a provision of a contract between Lewin and Thompson providing that “All purchase of materials, such as fertilizer, seed, insecticides, etc., shall be purchased and billed direct to” Lewin.
Plaintiff, Kilgore Seed Company, in opposition to the motion for summary judgment, filed an affidavit to the effect that a prior account in the name of Dan Thompson, Jr. carrying a credit balance was used in making charges for the purchases of the material sued for and that Lewin made payments on the account from time to time.
The defendant’s affidavit does not state that the materials were not purchased by him or for his use and benefit. It merely states the “bills” were sent to his co-defendant and joint-adventurer, while plaintiff’s affidavit states that the materials were furnished to the defendants and that they owe $1,466.84 as a balance on the account.
The manner in which these opposing affidavits should have been interpreted is clearly enunciated in Humphrys v. Jarrell, Fla.App.1958, 104 So.2d 404. Judge Kanner, speaking for this Court, stated at page 410 of 104 So.2d:
“Beyond and above the principles and rules hereinbefore stated, generally the courts hold the moving party for summary judgment or decree to a strict standard and the papers supporting his position are closely scrutinized, while the papers opposing are leniently treated in determining whether the movant has satisfied the burden required of him. Moore’s Federal Practice, 2nd ed., Vol. 6, p. 2236 and p. 2339. In determining the existence of a genuine issue of material fact, all inferences of fact from the proofs proffered at a hearing must be drawn by the trial court against the movant and in favor of the party opposing the motion. Moore’s Federal Practice, 2nd ed., Vol. 6, p. 2125. Likewise, an appellate, court *72 should indulge all proper inferences in favor of the party against whom a summary judgment or decree has been requested.”
Reversed.
ICANNER, Acting C. J., and STEPHENSON, GUNTER, Associate Judge, concur.