MAXWELL, OLIVER C., Associate Judge.
This is the second appearance of this case before this Court. In March, 1959, appellant sued Samuel Lewin and Dan Thompson, Jr. for $1,466.84 on account of seeds, fertilizer and other merchandise allegedly sold and delivered from December, 1957 to January, 1958. The Complaint alleged that, at the time the merchandise was furnished, defendants purchased, received and used the merchandise for the exclusive benefit of a joint farming venture then existing between Lewin and Thompson. A copy of the farming agreement between Lewin and Thompson was attached to the complaint. Under this agreement the parties undertook to raise certain crops with Lewin furnishing all of the expenses of producing the crops and Thompson fur *810 nishing the machinery and equipment necessary to make the crops, and to devote his entire time to the supervision of the production of the crops.
Lewin agreed to advance Thompson $200.00 per month for living expenses and, at the close of the 1957 — 1958 crop season, this amount would be deducted from Thompson’s share of the profits. In the event of a loss Thompson was to pay Lewin an amount equal to the money loaned him as living expenses. The agreement provided that in the event of a profit, the money advanced by Lewin would first be deducted and returned to him, and the remaining profits would be split equally between the parties. Paragraph 7 of the agreement provided:
“From time to time first party (Lewin) shall advance to second party money with which to pay labor used in and upon said crops. All purchases of materials, such as fertilizers, seeds, insecticides, etc. shall be purchased and billed direct to first party.”
There was a provision for a joint bank account, although apparently none was ever opened, and there was a provision for the limitation of liability of Lewin to $20,-000.00.
On May 29, 1959 Lewin filed a motion for summary judgment attaching an affidavit in which it was averred that Lewin had never been billed directly by appellant and that all bills were sent to Thompson in direct conflict with the agreement. A counter affidavit was filed by appellant which averred that payments had been made on the account by Samuel Lewin. The Circuit Court, T. G. Futch, Judge, entered a Summary Judgment for Lewin.
An appeal was taken from this judgment. The question of the existence of a joint adventure between Lewin and Thompson was raised in the briefs filed in this appeal. This Court reversed the lower Court without specifically ruling on the existence of a joint venture (119 So. 2d 70). Upon the return of the cause, Lewin filed answer, and default was entered against Thompson and the cause came on for final hearing before the Circuit Judge without a Jury.
Plaintiff established the sale and delivery of the merchandise and called Lewin as an adverse party. The farming contract was admitted in evidence and the relationship between Lewin and Thompson established. At the close of the plaintiff’s case the trial judge entered judgment against Thompson, and on motion of the defendant, Lewin, “directed a verdict” against appellant and for appellee Lewin and provided that “plaintiff shall take nothing from the defendant Samuel Lewin, the plaintiff having failed to sustain the allegations of its complaint against said defendant.” Appellant has appealed from this judgment.
Appellee in his brief pointed out that plaintiff had Lewin as “its witness and he was examined both by plaintiff’s and by his own counsel at length and as there was no other witness to appear for the defendant, there was no need in calling him as a witness in his own behalf and re-examining him because he had just been examined on the stand as a witness for the plaintiff. In other words, testimony for the plaintiff and the defendant Lewin was in and the case was through, all evidence had been received, at the point where the lower court entered the judgment.”
We are called upon to determine whether the trial Court judge was in error when he entered judgment in favor of appellee Lewin. We are of the opinion that it was. The elements of a joint adventure are stated in 18 Fla.Jur., Joint Adventures, Sec. 4, as follows :
“Generally speaking, the relationship of joint adventure is created when two or more persons combine their property or time or a combination thereof in conducting some particular line of trade or for some particular business transaction. To ere- *811 ate such a relationship, there must be (1) a community of interest in the performance of a common purpose, (2) joint control or right of control, (3) a joint proprietary interest in the subject matter, (4) a right to share in the profits, and (5) a duty to share in the losses which may be sustained.”
All of these elements are clearly present under the contract between Lewin and Thompson. It has been suggested that joint control or right of control is missing but paragraph 9 of the contract provides that Lewin shall handle watermelon sales and Thompson shall handle vegetable sales and paragraph 8 provides for a joint bank account subject to the signature of either party. This type of division of work or authority in fanning contracts has generally been held to create a joint adventure. 30 Am.Jur., Joint Adventures, Sec. 17; Braddock v. Hinchman, 1911, 78 N.J.E. 270, 79 A. 419; James v. James, 1912, 151 Wis. 78, 137 N.W. 1094; C. A. Babcock Co. v. Katz, 1927, 121 Or. 64, 253 P. 373.
It has been argued that because appellant was not initially aware of the farming agreement at the time it extended credit to Thompson, this would preclude appellant from recovering from Lewin after it discovered the existence of the joint venture. This is contrary to the law of Florida. See 18 Fla.Jur., Joint Adventures, Sec. 12; Drew v. Hobbs, 1932, 104 Fla. 427, 140 So. 211, 141 So. 596; Bryce v. Bull, 1932, 106 Fla. 336, 143 So. 409.
There is no dispute as to the amount of the bill due appellant and, since appellee sets forth that all of the testimony is in, the judgment of the trial court in favor of appellee Lewin and against appellant must be reversed with directions that the trial Court enter judgment in favor of appellant and against appellee Lewin in the amount of $1,466.84 together with interests and costs.
SHANNON, C. J., and SMITH, J., concur.