[L. A. No. 5400. Department Two.—April 11, 1918.]

## In the Matter of the Estate of MARTIN O'HARE, Deceased.

ESTATES OF DECEASED PERSONS — DECREE OF DISTRIBUTION — APPEAL— ABSENCE OF BILL OF EXCEPTIONS—PRESUMPTION OF PROOF.—On an appeal from a decree of distribution under a will where there is no bill of exceptions in the record, it must be assumed that the proof before the court was ample to uphold its conclusions as to the persons entitled to distribution.

APPEAL from a judgment of the Superior Court of Los Angeles County. James C. Rives, Judge.

The facts are stated in the opinion of the court.

E. S. James, for Appellant.

Stewart & Stewart, for Respondent.

MELVIN, J.—Margaret O'Hare, the executrix, appeals in several capacities from a decree of distribution which, among other provisions, gives to Michael O'Hare, brother of testator, in addition to a legacy of five hundred dollars, one-fourth of the residue of the estate, and to the children of Martin O'Hare, a deceased nephew, his share under the will.

Appellant's counsel made two motions: One, under section 473 of the Code of Civil Procedure, was to be permitted to file a bill of exceptions, as he, not realizing that his notice of appeal was a waiver of his right to a notice of decision, had allowed his time to file a bill of exceptions to pass, while awaiting such notice of decision. This motion was denied. The other motion was one to amend and substitute a judgment and decree for the one entered. It also was denied. There is, therefore, no record to support the objections made by appellant.

There appears in the transcript, however, that which purports to be a copy of the will. It contains the following provisions, among others:

"I give and bequeath to my brother, Michael O'Hare (also spelled O'Heher in Ireland), residing at Inchaboy, Postoffice,

Gort, County Galaway, Ireland, the sum of five hundred dollars. . . .

"All the rest, residue and remainder of my said estate I give, devise and bequeath to my said nieces, Mary Reilly and Bridget O'Hare, and my nephews, Martin O'Hare, John O'Hare and Michael O'Hare, share and share alike."

Specifically, the part of the decree to which appellant objects is as follows: "The court finds that the brother, Michael O'Hare, is entitled, in addition to the five hundred dollars money legacy bequeathed to him, to one-fourth of the residue of said estate; and the court finds that John O'Hare, Mary A. O'Hare, Joseph O'Hare, and Catherine O'Hare, the four children of and all of the children of Martin O'Hare, deceased nephew of decedent, are entitled to take of said estate the share to which their father, the said nephew, Martin O'Hare, would have been entitled, if living, to wit, a general legacy of one thousand dollars and one-fourth of the residue of said estate, after the other general legacies are paid."

It is contended that Michael O'Hare, named in the residuary clause, cannot be the brother of that name to whom a specific legacy was given; that Martin O'Hare died before the will was made and executed, and that, therefore, his descendants could not rightfully take his portion under the will; that these children are not in any event entitled to their father's share "as though they were adults" (they being minors); and that the lower court erred in determining that the bequest to John O'Hare, who died in infancy without lineal descendants, should be distributed to the other residuary legatees. Not one of these contentions is or could be supported by the record before us. We must assume that the proof before the court was ample to uphold its conclusions. For instance, we are bound to assume that there was a showing that no nephew named Michael O'Hare ever existed, and that the surrounding circumstances proved the brother Michael to be the one intended. Upon his failure to get a bill of exceptions, counsel for appellant must have known that there was no chance of success, because no proof of the supposed facts supporting his contentions could be brought before this court.

Judgment affirmed.

Wilbur, J., and Victor E. Shaw, J., *pro tem.*, concurred.