[L. A. No. 13979.   In Bank.—May 15, 1933.]

MAY T. DE ACOSTA, Respondent, v. FRANCISCO M. DE
ACOSTA, Appellant; PAUL BARKSDALE D'ORR
et al., Interveners.

Robert L. Hubbard for Appellant.

Denio, Hart, Taubman & Simpson for Respondent.

Frank H. Love for Interveners.

PRESTON, J.—In this action in partition, the court rendered an interlocutory decree to the effect that plaintiff and defendant each owned an individual one-half interest in certain real property; that the interveners had a lien of $450 thereon; that plaintiff had a lien for taxes paid by

her as well as for half of certain rentals collected by defendant; that the properly should be sold under direction of a referee and the proceeds of sale applied under final direction of the court.

Plaintiff and defendant were husband and wife. They were separated but plaintiff had by a prior proceeding been denied a divorce. They owned the property here involved in joint tenancy with right of survivorship. The above decree in substance granted plaintiff's prayer as well as that of the interveners but it in effect denied defendant's petition for an accounting, which had been filed as part of his answer. Said answer admitted all the allegations of the complaint but the portion thereof styled a petition for accounting alleged various expenditures made by defendant to preserve the joint properties of the parties as well as for necessaries and medical care for himself and it asked that these expenditures be reimbursed out of the proceeds arising from the sale for partition.

On April 13, 1932, the cause was called for trial. The minutes of the court for that day in part recite: "Counsel present argument to the court. *No evidence offered.* Interlocutory decree of partition is ordered for plaintiff. In accordance with oral stipulation of counsel in open court, it is ordered that John A. Gray be appointed sole referee in partition."

On the same day the cause was heard and the interlocutory decree was rendered as aforesaid but it in part recited: "*After hearing the evidence* of the respective parties and considering the same, findings of fact and conclusions of law being waived. . . . "

██ Appellant urges that partition is purely an equitable proceeding and the court was powerless to order a sale without due proof first being made in support of the necessary allegations of the complaint. He also asserts that property held in common was liable for the family necessaries incurred by him as well as for the other expenses referred to in his petition for accounting.

But the record does not allow either of these questions to be raised. ██ It is true that the minutes of the court above recited showed that no evidence was offered on the trial, whereas the interlocutory judgment recites that evidence of the respective parties was received and considered, but in

the absence of a bill of exceptions giving an authenticated showing of the proceedings on the trial, we do not see how the recital in the decree can be overthrown by the minutes of the court, which, by law, are not made part of the judgment-roll. (Sec. 670, Code Civ. Proc.) And certainly in the absence of a bill of exceptions no presumption can be indulged that appellant was denied the right to offer pertinent evidence or that such evidence, if offered, was excluded. These observations answer fully all questions urged by appellant. The record shows no error.

The judgment is affirmed.

Shenk, J., Langdon, J., Curtis, J., and Thompson, J., concurred.