[Civ. No. 11389. Second Appellate District, Division Two.—June 9, 1937.]

A. C. BRUHNKE et al., Appellants, v. BOWLUS-TELLER MFG. CO. et al., Defendants; JACOB TELLER, Respondent.

Wells & Rotkin, Shore & Nightingale and Irving Shore for Appellants.

Porter & Sutton and Edmund D. Mulford for Respondent.

CRAIL, P. J.—This is a proceeding under section 689 of the Code of Civil Procedure to determine the rights of the plaintiff as against the rights of Teller, a third party claimant, in three bank accounts which were carried in the name of "Jacob Teller, Trustee", "Jacob Teller, Trustee Special" and "Bowlus-Teller Manufacturing Company, Jacob Teller, sole owner". A writ of execution was levied upon the accounts under a judgment obtained against the defendants in the original action but not against the third party claimant. The sole issue of fact upon the trial was as to the ownership of these funds. The court found upon substantial evidence that the funds were the property of the third party claimant and entered judgment accordingly. It is from this judgment the appeal is taken.

A study of the plaintiffs' brief discloses that they have not presented any legal question for this court to determine on appeal, but only questions of fact with which, of course, this court must not concern itself.

The plaintiffs' first contention is that *"The evidence* shows that the two 'Trust Accounts' were dedicated or contributed by the depositor to the corporation and invested therein. The trial court erred in giving full weight to the testimony of Teller while ignoring the impeaching effect of his cross-examination." Nowhere do the plaintiffs contend that there is no substantial evidence to sustain the finding of the trial court. They content themselves with marshaling the evidence in favor of the plaintiffs in an effort to prevail upon this court as a jury to find the facts differently. This court will not take the time to read closely the details of such a contention.

The plaintiffs' second contention is as follows: *"The evidence* shows that the depositor created a voluntary trust for

the benefit of the corporation, which is available to the creditors at any time before the depositor withdraws the funds from the trust accounts. Do the collateral facts, when considered with the deposit in a 'trust account', bring out an intent to create a trust?'' What we have said with regard to plaintiffs' first contention applies with equal force to his second contention.

The plaintiffs' third contention is that the third party claimant's intention at the time he opened the trust accounts ''may be indicated by the circumstances existing at the time'', and this statement is used as a springboard from which to jump into an argument upon the weight of evidence and the inferences to be drawn therefrom. In the abstract the plaintiffs' contention is a partial statement of the law. The intentions of a person ''*may be* indicated by the circumstances existing at the time'', but they must be determined upon *all* the facts and circumstances in evidence bearing upon the question,— and this determination is for the fact-finder.

Finally, the plaintiffs contend that ''Where an officer of a corporation *commingles* corporation funds in a bank account with his personal funds, the creditors of the corporation can hold as a corporate asset the balance remaining in the account, up to the amount of the corporate assets so commingled.'' The plaintiffs neglect to point out any finding by the trial court that an officer of a corporation commingled corporation funds with his personal funds. They content themselves again with marshaling evidence favorable to themselves and say that ''the above facts *prove* a commingling of corporation assets with the funds which Teller claims as his own''. It is sufficient to say that this court on appeal will not accept proof by way of printed briefs in order to find facts contrary to the findings of the trial court. This court is not a fact-finder.

Judgment affirmed.

McComb, J., concurred.