[Civ. No. 11013.   First Appellate District, Division Two.—September 19, 1939.]

AMELIA LIEBER, Respondent, v. MINNIE RIGBY, as Executrix, etc., et al., Appellants.

Peter tum Suden and Joseph A. Garry for Appellant.

Weinmann, Quayle & Berry, and George Olshausen, for Respondent.

DOOLING, J., *pro tem.*—Respondent, plaintiff below, had judgment for $12,500 with interest against the executors of her husband's will and estate. From this judgment the executors appeal.

It appeared on the trial that on April 27, 1934, the husband and wife opened a commercial account with the American Trust Company and at that time signed and delivered

to the bank an agreement that the funds deposited in the account should be the property of both of them as joint tenants. On April 8, 1936, the husband withdrew $12,500 from this account and caused the bank to issue to him a cashier's check for that amount. The husband died on May 31, 1936, with this check still in his possession, and the executors deposited it to the credit of his estate. The trial court found that the $12,500 represented by the check was the joint property of respondent and her husband, and vested in her by right of survivorship.

The plaintiff rested her case on the joint tenancy agreement. Appellants in compliance with section 2, rule VIII of the Rules of the Supreme Court and District Court of Appeal state the question involved on the appeal in the following language:

"A husband opens a joint commercial account with his wife. The initial and all subsequent deposits originated from the husband's separate estate. Community funds are not involved. The husband made frequent deposits to and withdrawals from the account. He paid current bills and made gifts of substantial sums therefrom to members of his family including his wife. It was a continuing current commercial account and the husband enjoyed and exercised unrestricted use and control thereof. Two months prior to his death the husband made a substantial withdrawal from this account and retained the same in the form of a cashier's check payable to himself.

"Question: Is the money evidenced by this cashier's check an asset of his estate or does it belong solely to the wife?"

Appellants claim that where the money has been withdrawn before death the presumption of joint tenancy is rebuttable and may be disputed by the representatives of the decedent, just as it may be between the parties to the account while both are living. This we may concede without deciding.

The two cases on which they most strongly rely for a reversal are *Wallace* v. *Riley*, 23 Cal. App. (2d) 654 [74 Pac. (2d) 807], and *Wallace* v. *Riley*, 23 Cal. App. (2d) 669 [74 Pac. (2d) 800]. These were actions between living parties to bank accounts which were in form joint. In the latter of these cases the court said at page 675:

"Under the construction given to these provisions (sec. 15a of the Bank Act) both in New York and California, the intentional creation by the depositors of a bank account,

substantially in the form prescribed, raises a presumption at once that the interest of the depositors is that of joint tenants in the sense commonly attributed in law to that term. Upon the death of either depositor, then in the absence of fraud or undue influence, the presumption of sole and exclusive ownership in the survivor becomes conclusive, or irrebuttable, in respect to any moneys then left in the account, but continues to be a rebuttable presumption as to any moneys previously withdrawn.''

At least since the decision of our Supreme Court in *Smellie* v. *Southern Pac. Co.*, 212 Cal. 540 [299 Pac. 529], our courts are committed to the rule that a rebuttable presumption is a species of evidence which standing alone will support a finding against contradictory evidence produced by the other party. The finding of the trial court that the account was one in joint tenancy is therefore sufficiently supported by the presumption based on the voluntary act of the deceased husband in creating the account, even though appellants' evidence in the absence of the presumption might compel the opposite conclusion.

Cases from other jurisdictions cited by appellants to the effect that contradictory evidence introduced by the adverse party may destroy the presumption of joint tenancy and necessitate a finding against it are out of harmony with the law of this state as announced in the Smellie case and the decisions which have uniformly followed it since its pronouncement.

Appellants complain of error of the trial court in sustaining an objection to certain evidence of the deceased husband's intent in opening the joint account. The point is barely mentioned in the opening brief and we believe the error, if any was committed, was not prejudicial.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 16, 1939.