[Civ. No. 11049.   First Appellate District, Division Two.—September 19, 1939.]

JESSE WATSON, Appellant, v. MARTIN BORCOVICH et al., Respondents.

586

Edward D. Mabson for Appellant.

Sans, Hudson, & Perry for Respondents.

DOOLING, J., *pro tem.*—Appellant filed an unverified complaint for money alleged to be due for work, labor and services performed for respondents at their special instance and request. The answer was a general denial and after trial without a jury judgment went for defendants.

From the evidence of respondent Axis and the witness Sans the trial court was justified in concluding that the work was done under a share-cropping agreement. This issue was properly presented by the general denial and the showing that appellant was a share-cropper was a defense to his action for work and labor. (*Cull* v. *San Francisco & Fresno Land Co.*, 124 Cal. 591 [57 Pac. 456].) The evidence therefore supports the judgment for defendants.

The judgment recites that findings of fact and conclusions of law were waived in open court and no findings appear in the record. Appellant claims that the record shows that findings were not waived.

The reporter's transcript shows that at the close of the evidence the case was submitted and the trial judge then said: "Judgment in favor of the defendants on all issues is ordered, and if it is necessary to prepare any findings you will prepare them."

Purported minutes of the trial are included in the clerk's transcript, certified by the clerk but not by the judge. These purported minutes show no entry of a waiver of findings. Where findings are waived in open court by oral consent the code requires that the fact of such waiver be entered in the minutes. (Sec. 632, Code Civ. Proc.)

It does not follow from the facts shown by the record that we should find on appeal that the recital in the judgment that findings were waived is false. Every intendment is to be indulged in favor of the judgment and where the court fails to make findings of fact and conclusions of law it will be presumed that they were waived unless the contrary

is made to appear affirmatively by the record on appeal. (2 Cal. Jur., Appeal and Error, sec. 516, p. 882.)

■ The purported minutes of the trial are not properly before this court. The clerk cannot certify to the minutes of the trial since they are not enumerated in section 670, Code of Civil Procedure, and hence the minutes so certified cannot be looked to for the purpose of contradicting the recital of waiver in the judgment. (*de Acosta* v. *de Acosta,* 218 Cal. 176 [22 Pac. (2d) 1] ; 2 Cal. Jur., Appeal and Error, sec. 255, pp. 515, 516.)

■ The reporter's transcript shows no waiver at the time of trial but it does not affirmatively appear therefrom that there may not have been a waiver of findings in open court at some later time, either in the presence or absence of the reporter. Since the minutes are not properly before us and the reporter's transcript fails to show affirmatively that findings were not waived, the recital in the judgment that they were must be taken to be true.

Judgment affirmed.

Nourse, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 19, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 16, 1939. Edmonds, J., and Carter, J., voted for a hearing.