[Civ. No. 11632.   First Dist., Div. One.—April 30, 1941.]

Estate of FRANK O'NEILL, Deceased.   COUNTY FIRST NATIONAL BANK (a National Banking Corporation), Appellant, v. MARY B. O'NEILL, Respondent.

Harry J. Bias and William A. Deans for Appellant.

James J. Harrington and Byron Coleman for Respondent.

WARD, J.—This is an appeal by the County First National Bank, assignee of the interest of John J. O'Neill in the Estate of Frank O'Neill of which he was formerly administrator. The appeal, taken on the judgment roll, is from the Decree of Settlement of Third Supplemental and Final Account and Decree of Final Distribution wherein it was held that appellant was not entitled to share in the estate.

The basis of the decision denying appellant any rights by virtue of its assignment was that the assignor, who became indebted to the bank while acting as administrator of decedent's estate, had, before his removal, appropriated to his personal use property of the value of $79,848.41, a sum in excess of his share of the estate.

Appellant filed objections to the Second Supplemental and Final Account and Petition for Final Distribution of the respondent administratrix (successor of its assignor) wherein it urged its claim as assignee. After hearing, the court on May 25, 1937, made findings of fact and conclusions of law to the effect that appellant was not entitled to share in the estate and that the administratrix was entitled to have the account settled and the petition for distribution granted. A decree was entered approving the account and adjudging that appellant was not entitled by virtue of the assignment to share in the estate. The decree did not distribute the estate although the findings of fact and conclusions of law had ordered the petition for final distribution granted.

A Third Supplemental and Final Account was subsequently filed, accompanied by a report stating that the estate was in a condition to be closed and that distribution should be made. However, no separate instrument entitled "Petition for Distribution" was filed. A time was fixed for hearing the account and an order made setting the same time for a hearing upon the previous petition for distribution. Appellant filed objections averring that "this last petition" was not properly before the court for the reason that the issue had been previously determined. On the date of the hearing a minute order was made to the effect that the account was approved and that the petition for distribution and the objections thereto "are taken under advisement". The decree rendered some time thereafter recites that it was stipulated at the hearing that the findings of fact, conclusions of law and decree theretofore rendered on the hearing of the Second

Supplemental Account should be considered the findings, conclusions and decree to the objections filed by plaintiff to the Third Supplemental Account. The effect of this last decree dated April 13, 1939, is a judgment that appellant has no interest in the estate. Both decrees, the 1937 and the 1939, were adverse to appellant's objection to distribution. The appeal herein is from the 1939 order but the record does not include evidence of the proceedings of either occasion.

Appellant does not contend that the court would be without authority to render a decree of distribution based on the findings of 1937, nor that such decree would be favorable to it, nor does it contend that the decree based on such findings was separately appealable. On the contrary, it contends that such decree would be reviewable on appeal from the decree of distribution which should have been entered on the findings of 1937 *without further hearing*. The contention of appellant is that the 1939 decree was in excess of the court's jurisdiction and therefore void. The record discloses that evidence was taken on the 1939 proceeding relative to supplementary accounts, etc., but there is no record that such evidence related to appellant's objection to distribution. Conceding that a new hearing should not have been held so far as appellant is concerned, in the absence of proof that further evidence was taken over its objections, from a factual standpoint appellant was not aggrieved. Accordingly it is only the procedure adopted that could have prejudiced appellant, the contention being that respondent deprived it ."of an effective appeal by the strategy of holding two hearings on one petition".

The orders of 1937, based upon a hearing in 1936 of the Second Supplemental Account were not appealable but are reviewable on appeal from the 1939 decree of final distribution. (*Estate of Wilson*, 199 Cal. 199 [248 Pac. 666]; *Estate of Grussing*, 15 Cal. App. (2d) 11 [59 Pac. (2d) 152].) Assuming that evidence on the merits of appellant's objections was actually taken at the 1939 hearing, appellant could contend, and perhaps successfully, that in determining the sufficiency or insufficiency of the evidence this court should be limited to the previous hearing. Appellant states that the proceedings of 1939 were not written up, but the record indicates that no additional evidence was taken on its claim.

Both decrees are adverse to the objector. Appellant has not by bill of exceptions or otherwise brought up a record of evidence on either hearing. In the absence of a record, it must be presumed that the evidence introduced at the first hearing was sufficient to support the decree of distribution entered, and that the court disregarded incompetent evidence. (*Estate of O'Hare*, 178 Cal. 114 [172 Pac. 385]; *De Acosta* v. *De Acosta*, 218 Cal. 176 [22 Pac. (2d) 1]; *Lieber* v. *Rigby*, 34 Cal. App. (2d) 582 [94 Pac. (2d) 49]; *Watt* v. *Copeland*, 92 Cal. App. 161 [267 Pac. 928].)

Under the circumstances of this proceeding, particularly the lapse of time between hearings and orders, and the necessity of passing upon supplemental accounts, it may not be said that the procedure was improper or that appellant has been prejudiced except through its own failure to present a proper record on this appeal.

The decree appealed from is affirmed.

Peters, P. J., and Knight, J., concurred.