[Civ. No. 10489.   Third Dist.   Apr. 25, 1963.]

CHICO   TRACTOR,   INC.,   Plaintiff   and   Appellant,   v.
ROBERT F. COYLE et al., Third Party Claimants and
Respondents.

Grayson Price for Plaintiff and Appellant.

Corkin & Corkin and Thomas J. Corkin for Third Party Claimants and Respondents.

FRIEDMAN, J.—Plaintiff, a creditor of Bainbridge, had in its possession a used forklift, or forklift tractor, which Bainbridge had consigned to it for sale. Plaintiff brought suit against Bainbridge and on September 16, 1959, levied an attachment on the forklift. After a default judgment plaintiff on January 25, 1960, levied execution on the forklift. Robert Coyle then filed a third party claim, asserting his own title to the forklift. After hearing evidence, the trial court, referring to Coyle and one Robert E. Smith as "claimants," found that these claimants were the owners of the forklift and ordered its release to them. Actually, Smith had not joined in the third party claim. Plaintiff appeals on a settled statement.

The opening brief on appeal was filed July 9, 1962. No brief having been filed on behalf of respondents and no extension of time having been requested, the clerk of this court on September 21, 1962, sent Messrs. Corkin & Corkin, counsel for respondents, the notice required by rule 17(b), California Rules of Court.* The notice evoked no response. On November 13, 1962, a brief on behalf of respondents arrived in the clerk's office. On that date the clerk notified Messrs. Corkin & Corkin that the brief would not be filed in the absence of compliance with rule 17(b). At the time of oral argument on February 19, 1963, Messrs. Corkin & Corkin finally requested permission to file the brief on behalf of respondents and permission was granted. Under these circumstances rule 17(b) authorizes us to accept as true the statement of facts in appellant's opening brief. Such an action would require us to close our eyes to the statement settled in the trial court. Consequently, we do not care to invoke rule 17(b).

The facts revealed by the settled statement are as follows: In July 1955 the claimant Robert Coyle, or Coyle and Smith, purchased the forklift under a conditional sales contract, which was paid off in full in April 1956. In the latter part of 1955 Coyle, or Coyle and Smith, orally agreed to lease the forklift to Bainbridge for 50 cents per 1,000 feet for loading timber. A week later they orally agreed with Bainbridge

*Formerly Rules on Appeal, rule 17(b).

486

to sell him the forklift for $2,500 and that it "would be his when he paid us the $2,500.00." Sometime between November 1955 and March 1956 Bainbridge paid Coyle $9.50 based upon 19,000 feet loaded during the first week of logging operations. Thereafter Bainbridge paid nothing to either Coyle or Smith. At various times thereafter Coyle or Smith or both requested Bainbridge to pay the purchase price and were assured by Bainbridge that he would pay them. At no time did either make a demand for the return of the forklift or attempt to repossess it. Coyle and Smith did not carry the forklift as an asset item in their property ledger, nor carry it on their records under contracts or contracts receivable. They did not claim depreciation or pay any property taxes on the forklift and did not carry insurance on it. They did carry the $2,500 purchase price on their records as a book account receivable. In May 1958 Bainbridge brought the forklift to plaintiff's shop for repairs. Subsequently, representing that he owned the forklift outright, Bainbridge left it with plaintiff on consignment for sale, with the proceeds to be applied to his debt to plaintiff and the balance, if any, to be paid to him. Nothing happened for more than a year, when plaintiff filed the present action and levied attachment on the forklift.

Plaintiff's principal contentions on appeal are (1) that the sale from Coyle and Smith to Bainbridge was absolute rather than conditional, and (2) that a number of the circumstances revealed by the settled statement demonstrate an election by Coyle and Smith to affirm the sale (if originally conditional), an election which now bars them from the alternative remedy of repossession.

The parties' intent, a factual question, determined whether the original sale was absolute or conditional (*Perkins* v. *Mettler*, 126 Cal. 100 [58 P. 384] ; *Hannin* v. *Fisher,* 5 Cal. App.2d 673 [43 P.2d 815] ; 43 Cal.Jur.2d, Sales, § 317, p. 438.)

Whether an election of remedies occurred was also a fact question, to be determined by the trial court from all the circumstances. (*Smith* v. *Miller,* 5 Cal.App.2d 564, 571 [43 P.2d 347].)

Findings of fact are not required in third party claim proceedings. The appellate court must assume that the trial court made all findings essential to support the judgment. (*Embree Uranium Co.* v. *Liebel,* 169 Cal.App.2d 256, 261 [337 P.2d 159] ; *Lawler* v. *Solus,* 101 Cal.App.2d 816, 818-819 [226 P.2d 348].) If there is substantial evidence to

support implied trial court findings in third party claim proceedings, these findings are conclusive upon the appellate court. (*Bruhnke* v. *Bowlus-Teller Mfg. Co.*, 21 Cal.App.2d 317 [69 P.2d 208].)

Here the trial judge adjudged Coyle and Smith were owners of the forklift at the time of the execution levy. Implicit but essential foundations for its decision were findings that the transaction between them and Bainbridge was a conditional sale and that no later conduct of the sellers caused loss of their reserved title. The settled statement reveals no absence of substantial evidence to support these findings. Consequently, plaintiff's contentions as to the character of the sale and an election of remedies must be rejected.

To support contentions of election of remedies, estoppel and laches, plaintiff relies upon *Smith* v. *Miller, supra,* 5 Cal.App. 2d 564, and *Harter* v. *Delno,* 49 Cal.App. 729 [194 P. 300]. In both these cases the reviewing court affirmed judgments adverse to the position of the conditional seller and favorable to an innocent third party. Both judgments in turn rested upon trial court findings of the conditional sellers' binding election to confirm the sale, an election which precluded the seller from asserting his right to possession against the innocent third party. By way of analogy to the *Harter* case, plaintiff charges Coyle and Smith with estoppel and laches.

Election of remedies as a bar to a conditional seller's assertion of title is simply a specific application of doctrines of estoppel and prejudice-causing delay, or laches. (See *Steiner* v. *Rowley,* 35 Cal.2d 713, 720 [221 P.2d 9]; 1 Witkin, California Procedure, 542-543, 548-549.) All these doctrines turn on the existence of facts, as found by a trial court, of some act or action by the conditional seller, which either constitutes a rejection of title (as in *Smith* v. *Miller, supra*) or causes prejudice and loss to the innocent third party, as in *Harter* v. *Delno.* Here the trial court found no such facts and the settled statement supplies none. True, there was extensive delay on the sellers' part, but no prejudice necessarily resulting from that delay. The prejudice suffered by plaintiff is traceable to the credence its representatives placed in Bainbridge's false claim of title, rather than to the delayed assertion of title by the conditional sellers.

Plaintiff claims an estoppel, derived from statements allegedly made by Smith, who was found by the trial court

to be a half-owner of the forklift. The settled statement indicates that there was testimony offered by plaintiff which described a visit by Smith to plaintiff's shop after the attachment levy. At that time Smith supposedly said that Bainbridge owed him some money but he was out of luck because plaintiff had the forklift under attachment. According to the settled statement, such testimony was denied on behalf of the third party claimant. Thus, even if some prejudice could be traced to the described statement, plaintiff is assuming the truth of controverted testimony and asking the appellate court to accept it at face value in opposition to adverse trial court findings. To describe this contention is to reject it.

█ Plaintiff asserts that the claim of the conditional sellers is barred by the three-year statute of limitations on actions for the specific recovery of personal property. (Code Civ Proc., § 338, subd. 3.) In order to get at this question at all, three assumptions must be made: first, that the point was raised in the court below, a matter which is not apparent from the record; second, that the statute of limitations may be invoked to defeat a claim of ownership in a third party claim proceeding (see Note 71 A.L.R.2d 1049, *Right of creditor to set up statute of limitations against other creditors of his debtor*); and third, that plaintiff, in effect a junior lienholder, is in a position to assert the bar of limitations to defeat an owner's claim to his own property (see *Mitchell* v. *Automobile etc. Underwriters*, 19 Cal.2d 1, 6 [118 P.2d 815, 137 A.L.R. 923]). █ Even if all three assumptions are made, the argument fails. No breach of the oral conditional sales contract occurred until approximately May 1958, when Bainbridge, the conditional buyer, consigned the article to plaintiff for resale on the representation that he had absolute title and in derogation of the conditional sellers' rights. That was the earliest occasion when a cause of action for recovery of the article arose. (*First National Bank* v. *Thompson*, 60 Cal.App.2d 79 [140 P.2d 75].) The conditional sellers instituted this proceeding in January 1960, which was well within the three-year period.

█ Plaintiff relies on the conclusive presumption described in Code of Civil Procedure section 1962, subdivision 3, as well as certain rebuttable presumptions set forth in Code of Civil Procedure section 1963. Resort to the conclusive presumption presupposes evidence of intentional misleading (*Treat* v. *Treat*, 170 Cal. 329, 334 [150 P. 53]). No such

evidence appears in the settled statement. ▊ The rebuttable presumptions, even if justified by evidence, were themselves only evidence and it was for the trier of fact to determine whether they were rebutted. (*Specht* v. *Keitel,* 190 Cal.App.2d 332, 339 [12 Cal.Rptr. 95].)

▊ Lastly, plaintiff contends that the court had no jurisdiction to determine the third party claim in favor of Smith, the claim having been filed by Coyle alone. It is true that the judgment referred to Coyle and Smith as "third party claimants" in connection with a finding that both these persons were owners of the forklift. There is no reason why Coyle, owner of a one-half interest in the property, could not file a third party claim on behalf of himself and Smith as coowners.

Judgment affirmed.

Pierce, P. J., and Schottky, J., concurred.