[Civ. No. 32128.   Second Dist., Div. One.   June 3, 1968.]

GERTRUDE MAY, Plaintiff and Respondent, v. ROBERT THOMAS MAY, Defendant and Appellant.

Benjamin D. Brown for Defendant and Appellant.

Warren M. Goodwin and Bernard R. Schulhof for Plaintiff and Respondent.

FOURT, J.—This is an appeal from that part of an interlocutory judgment of divorce which awarded to the wife as her separate property certain real property previously occupied by the parties as their home.

Plaintiff and respondent, hereafter referred to as the wife, brought an action for divorce, custody of children and their support and maintenance, attorneys' fees and costs and an award of such of the community property as would be equitable and proper, against the defendant and appellant, hereafter referred to as the husband. The wife alleged that the real property, automobile and household furniture and furnishings were community property.

The husband answered the complaint and denied that the real property was community property and asserted that it was "property held in joint tenancy . . ." He also filed a cross-complaint for divorce and asserted that there was "community property of the parties, the nature and extent of which is presently unknown" to him. After a contested hearing, where both parties and others testified, the judge granted an interlocutory decree wherein among other things it was ordered that the wife was entitled to a divorce, that she have the custody of the minor children of the parties, that the husband pay $16.50 per month per child for their support and further that the household furniture and furnishings in the possession of the wife and the real property be assigned to the wife as her separate property, subject however to an interest of $1,000 in the husband, payable to the husband at $10 per month plus interest at the rate of 7 percent, that the automobile and the furniture and furnishings in possession of the husband be assigned to him as his separate property. The husband has appealed from that portion of the judgment which awards the real property as community property to his wife.

The testimony or the inferences which can be drawn therefrom disclose that the wife was about nineteen years of age when she was married to the husband in Los Angeles September 21, 1946, and was entirely inexperienced in business transactions. In 1953 they bought a lot and paid $3,000 for it. That money came from the earnings of each of the parties. Later, they borrowed $10,000 from a savings institution and had a house constructed upon the lot. It was intended that the house be occupied as a home by the parties and their children. Pay-

ments were made on the loan from the earnings of both of the parties until 1962 when the husband entered a mental hospital. The balance due on the loan at that time was about $8,000. From the time he entered the hospital the husband paid nothing on the indebtedness; in other words, since 1962 the wife has made all payments on the house. Because of a default the property went into foreclosure and the wife refinanced to the end that taxes could be paid and the loan brought up to date. She borrowed $1,060 which with other charges brought the loan to about $11,000. The present value of the home is about $17,500.

When the property was first acquired the wife signed the papers with reference to the title without reading or understanding them; she believed that whatever was bought by a husband and wife was community property. At the time of purchase there was no discussion of the manner of taking title, and until her attorney explained the theory of a joint tenancy to her when she filed for divorce she believed the title to be as community property. The husband testified that the title to the property ''was to my wife and I, both of us.'' His testimony disclosed that he had no clear understanding of a joint tenancy and its distinguishing features, advantages and disadvantages.

In the argument to the court the husband argued that ''he should be given some interest in the property'' or that ''perhaps some lien for the benefit of Mr. May should be put against the property to protect some of his interest in the property should the plaintiff sell the property at some time in the future.''

Appellant now asserts that the trial judge failed to make a finding that the property in question was or was not community property and that there is no substantial evidence to support a finding that the real property was community property or that it was not in joint tenancy.

The judgment recites, ''findings of fact and conclusions of law having been waived.'' Furthermore, the judgment sets forth, following the signature of the judge, ''Approved as to form: . . .'' and then follows the signatures of counsel for the respective parties. The reporter's transcript does not indicate whether there was or was not a waiver of findings. Under the circumstances, where the judgment indicates there was a waiver, we assume that there was a waiver. (*Watson* v. *Borcovich,* 34 Cal.App.2d 585 [94 P.2d 76].)

Every intendment is in favor of the judgment and we

presume under the circumstances that the court in effect found whatever was necessary to support the judgment. (*Gray* v. *Gray*, 185 Cal. 598 [197 P. 945].) It would seem that had findings not been waived, counsel for the husband would not have approved the wording in the proposed judgment, namely that "findings . . . waived."

In *Bowman* v. *Bowman*, 149 Cal.App.2d 773, 775-776 [308 P.2d 906], it is stated:

"The deed to the property was taken in joint tenancy. This fact raises a rebuttable presumption that the property was in fact held in joint tenancy, and places on the party claiming it to be community property the burden of overcoming the presumption. [Citations.] The fact that the property was purchased with community funds, standing alone, is insufficient to rebut the presumption created by the form of the deed. [Citation.] Parol evidence of an oral agreement by, or intention of, the parties to hold it as community property is admissible. [Citation.] While the presumption cannot be rebutted by an understanding of one party uncommunicated to the other [citation], an understanding to hold it as community property, in spite of the form of the deed, may be shown by the conduct and declarations of the parties. [Citations.] Here there was admittedly no express agreement that the property was to be held other than as shown by the deed. Defendant claims there was no evidence of any mutual understanding or intention of the parties to hold the property as community property and that, therefore, the presumption was not overcome."

Here the lot was purchased with community earnings. The house was built with money borrowed from a lending institution. At first the payments on the loan were made from the earnings of both of the parties and later the payments on the loan and on the new loan were made exclusively from the earnings of the wife. She apparently had no recollection of any arrangement or of statements made at the time the title was placed in joint tenancy. She apparently did not know what the document recited as to how the title was held. She thought it was community property as she thought everything acquired by husband and wife was community property. The judge could well have disbelieved the husband's statements as to what he said was done and said at the time of taking title. The husband testified that it was his belief that the property was to "both of us." Counsel for the husband stated to the judge with reference to the taking of title of the property "I

have no substantial evidence that would persuade the Court one way or the other.'' The reasoning of the husband for taking the property in joint tenancy seemed to be that someone had said ''that served a vital part to a man and woman in the case of death, separation of any kind.''

In *Beck* v. *Beck,* 242 Cal.App.2d 396, 406-407 [51 Cal.Rptr. 491], it is said:

'' 'When property is conveyed to a husband and wife as joint tenants, the form of the conveyance is such as to destroy the statutory presumption that the property is community even though the consideration for such conveyance consists of community funds or assets; such an instrument creates a tenancy in which the interests of the husband and wife are separate property. [Citations.]' [Citations.]

'' 'However, the form of the instrument under which a husband and wife hold title is not conclusive as to the status of the property; property acquired as joint tenants may be shown to be actually community property or the separate property of one spouse according to the intention, understanding or agreement of the parties. [Citations.]' [Citations.]

'' 'The evidence presented against the presumption arising from the form of the deed . . . may consist of any substantial credible and relevant evidence showing the intention, understanding or agreement of the parties. [Citations.]' [Citations.]

'' 'Whether the evidence is sufficient to overthrow the presumption arising from the form of the instrument is a question of fact. [Citations.]' [Citations.]

'' 'The finding of a trial court that property is either separate or community in character is binding and conclusive on the appellate court if it is supported by sufficient evidence, or if it is based on conflicting evidence or upon evidence that is subject to different inferences; and if a trial court determines that a presumption has been overcome such determination will not be disturbed on appeal if there is substantial conflict in the evidence, or, although there is no conflict, if different inferences might fairly be drawn from the evidence. [Citations.]' [Citations.] ''

 It is readily apparent in this case that neither the husband nor the wife knew the difference between joint tenancy and community property. They obviously took the title as joint tenants-at the suggestion of someone to avoid probate proceedings. The parties apparently assumed that they owned

everything together as husband and wife and occupied the property as a home as marital property until the marriage went awry—they never actually understood the characteristics and effect of a joint tenancy.

We are persuaded that there was sufficient evidence in this case for the trier of fact to conclude that the parties never intended to alter or change the community character of the property and that the title was placed in joint tenancy unwittingly or solely for convenience.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 31, 1968.